Gulliver v. Fowler et al.

---

HENRY S. GULLIVER *vs.* JULIA M. FOWLER ET AL.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A counterclaim places a defendant, as to the proof of its material allegations and resulting damage, upon the same footing as if he were the plaintiff in an independent action.

Where the cause of damage set up by counterclaim is of a continuing nature, the defendant may prove the damages sustained by him up to the time of trial.

Where the lessee of a house, which was hired for the purpose of subletting rooms, when sued for rent, set up by answer and counterclaim that he was unable to sublet them owing to inadequate heating facilities, which the lessor had falsely represented and warranted to be capable of heating the entire house thoroughly and well, it was *held:*—

1. That the measure of the lessee's damages would be the fair rental value of the rooms which could not be let on account of the lack of proper heat.

2. That the proof of such damages was not to be limited to evidence of applications actually made and withdrawn on account of the cold condition of the rooms.

3. But that any errors of the trial court in respect to the question of damages only, could not have prejudiced the defendant since it appeared from the verdict, (which was for the plaintiff for the full amount of his claim), that he had totally failed to establish the facts upon which his right to recover any damages depended.

Section 2969 of the General Statutes which relieves a tenant from the payment of rent if the tenement becomes so injured as to be untenantable, does not apply to the case of an injury occurring from the want of ordinary repairs.

An amendment of the pleadings, after the evidence is partly in, is never a matter of absolute right, but is one resting in the discretion of the trial court.

Evidence of a want of consideration in the execution of a written agreement is not admissible upon the part of a defendant who in his answer expressly admits the truth of the averments of the complaint which alleges a valuable consideration; although the defendant sets up such want of consideration in one of several defenses in avoidance, for such defense is void for repugnancy.

A written lease contained no express agreement to repair by the lessor, but did provide that the premises should "be at all times open to the inspection of said lessor or his agents, to applicants for purchase or lease, and for necessary repairs." In an action for rent it was *held* that this clause did not authorize the jury to infer that the lessor had orally agreed to make all necessary repairs; and that such an alleged oral agreement and its breach, set up as a defense and by way of counterclaim, was demurrable, since no oral agreement made at the time of signing the lease could enlarge its stipulations.

An exception cannot be sustained unless the record shows that what is claimed as error did in fact occur during the trial of the cause.

[Argued June 14th—decided July 9th, 1894.]

ACTION to recover rent on a lease of a house, " with the privilege of renting rooms," against lessee and a surety, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hotchkiss, J.* ; verdict and judgment for the plaintiff and appeal by the defendants for alleged errors of the court in its rulings on evidence and in its charge to the jury. *No error*.

The complaint alleged that the guaranty of the surety (which was recited) was given for value received. The answer admitted the truth of the matters alleged in the complaint, and set up in avoidance, as a first defense, that the

lessee, being a boarding-house keeper, was induced to execute the lease by false and fraudulent representations that the heating apparatus in the house was capable of heating it well, yet that it was incapable of so doing, whereby she was unable to rent the rooms in it, and suffered $500 damages; as a second defense, that there was a false warranty to the same effect; as a third defense, in behalf of the surety, that his guaranty was without consideration; and as a fourth defense, that the plaintiff, knowing the nature of the lessee's business, as an inducement to the lease, agreed to make all repairs necessary to make the house suitable for her business; but that, though duly requested, he had neglected to make necessary repairs in the heating apparatus, whereby the house became unsuitable for her business, and she lost the rent of rooms in it, to her damage in the sum of $500. The lessee also filed with her answer, a counterclaim for $1,000 damages, upon the same grounds as those set up in her first, second, and fourth defenses.

A demurrer to the fourth defense was filed and overruled, and the cause was tried on a reply amounting to a general denial, except that it was admitted that the lessee hired the house with a view of letting rooms in it.

The defendants, under the pleadings, assumed the burden of proof, opening and closing the case both as to evidence and argument.

The case was tried in May, 1894, and the lessee offered evidence that she had lost the rent of several rooms in the house for the entire winter, because they were so cold as to be untenantable, owing to defects and want of repair in the heating apparatus.

The court declined to admit such evidence as to the loss of rents after January 1st, 1894, (the action being brought for rent accrued prior to that date,) and afterwards instructed the jury that, if they found that the plaintiff had been guilty of fraud, as alleged, they could allow the lessee for such damages as had resulted therefrom, to the extent of the rents which, had the rooms been properly heated, the lessee could have let them for, up to January 1st, 1894, as shown by the

Gulliver *v.* Fowler et al.

actual applications to her for them and the occupation of them; but that she could not recover for any estimate of what she might have rented rooms for, if they had been properly heated, and if she had had applications, but only on proof of what actual applicants refused to take rooms on the sole ground of lack of heat.

There was indorsed upon the lease a guaranty, "for and in consideration of the letting of the premises within described, and for value received," of the due performance by the lessee of her obligations specified in the lease, which was signed by J. C. Kebabian, one of the defendants, on October 2d, 1893, the lease having been executed August 30th, 1893. The plaintiff claimed and offered evidence to prove that he executed the lease on Mr. Kebabian's agreement to sign such a guaranty, and that such signing was delayed by the latter's absence from town on August 30th. The defendants claimed and offered evidence to prove that Kebabian agreed to sign such a guaranty if the lease did not require the payment of rent in advance; but that, as in fact the rent was made payable in advance, there was no consideration for his undertaking. In support of this contention, the lessee testified that she said to the plaintiff's agent, through whom the lease was negotiated, when he presented her with the lease providing for advance payments : " Then it won't be necessary for Mr. Kebabian to sign the lease for me and give a guaranty, (I believe I used Mr. Kebabian's name,) and he said he rather thought not." This evidence was objected to and stricken out.

The plaintiff had a verdict for the full amount of his claim, and the defendants appealed, assigning error in the rulings above mentioned, and in others which are sufficiently described in the opinion of the court.

*Seymour C. Loomis,* for the appellants (defendants).

I. The court erred in limiting the defendants to proof of the condition of the house to December 22d, 1893, and to proof of damage to January 1st, 1894, and in not allowing proof of damage subsequent to that time. *Leavenworth* v.

*Packer*, 52 Barb., 132, 136; *Francis* v. *Edwards*, 77 N. C., 271; Conn. Civil Officer, pp., 36–39; Practice Act, § 5; General Statutes, § 876.

The counterclaim in this case, being for damages arising out of the subject-matter of the transaction sued on in the original complaint, was proper. *Walsh* v. *Hall*, 66 N. C., 233; Pomeroy's Rem. & Rem. Rights, § 737; Bliss on Code Pleading, § 379.

The counterclaim of the lessee is an independent action and in the proof of her damages sustained under it she must exhaust her entire cause of action. In such cases the rule is to allow proof of damage up to the time of trial. *Stratford* v. *Sanford*, 9 Conn., 285; *Pinney* v. *Barnes*, 17 id., 420; *Marlborough* v. *Sisson*, 31 id., 332; *Burritt* v. *Belfy*, 47 id., 323, and cases there cited.

Under our second and third counterclaims we were entitled to prove our damage subsequent to the bringing of the suit. The gist of the action therein set out was the breach of the plaintiff's warranty and agreement to repair, and were actions founded on contract, and, therefore, come within § 1050 of the General Statutes.

II. The court erred in excluding the testimony of Julia M. Fowler.

On the question of consideration of a contract, parol evidence is admissible to rebut the presumption of a legal consideration. *Raymond* v. *Sellick*, 10 Conn., 480; *Camp* v. *Scott*, 47 id., 378.

III. The court erred in refusing to allow the defendants to amend. General Statutes, § 1027; *Bassett* v. *Shares*, 63 Conn., 41.

IV. The court erred in charging the jury that § 2969 of the General Statutes did not apply. The statute has been materially changed since it was first passed in 1869, and since it was interpreted in *Hatch* v. *Stamper*, 42 Conn., 28.

The court should have charged the jury that if they found that the house, without the fault or neglect of the defendant, had become so injured as to be unfit for occupancy, then

the defendant was not liable for the rent so long as said house was untenantable.

The court erred in not charging as requested as to the want of consideration in the guaranty, and in charging as it did on that subject. Parol evidence is admissible to prove want of consideration and to rebut the presumption of a valid consideration. If the agreement was made after the lease was executed and the tenant in possession, then the letting of the premises (the consideration mentioned in the printed guaranty) was no consideration, for that was a past event at that time. And if the only agreement made before the premises were let, was that a guaranty should be given upon certain conditions, which conditions have not been complied with, then that agreement was no consideration for the guaranty. *Raymond* v. *Sellick*, 10 Conn., 483 ; *Camp* v. *Scott*, 47 id., 378 ; *Allen* v. *Rundle*, 45 id., 538 ; *Cook* v. *Bradley*, 7 id., 57 ; *Sage* v. *Wilcox*, 6 id., 83 ; *Colburn* v. *Tolles*, 14 id., 342 ; 2 Parsons on Contracts, p. 6, note *o*.

The court also erred in charging that the lessee must prove her damages by actual applications for the rooms and their withdrawal on account of the cold condition of the house. Wood on Landlord and Tenant, p. 641 ; *Myers* v. *Burns*, 35 N. Y., 269 ; *Mack* v. *Patchin*, 42 id., 167 ; *Hexter* v. *Knox*, 63 id., 561.

*Edmund Zacher*, for the appellee (plaintiff).

I. The jury having found a verdict for the plaintiff to recover of the defendants the full amount claimed, with interest, it is evident that they must have found that there were no false representations made by the plaintiff in reference to the heating of the house, that the plaintiff made no statements amounting to a warranty, that the house was not out of repair in that the heating apparatus was defective and insufficient to properly heat said house. Therefore, if there were errors by the court below in charging the jury upon the subject of damages to be allowed the defendant, or errors in refusing to admit evidence in reference to the condition

of the house, subsequent to January 1, 1894, these errors were immaterial and harmless to the defendants.

But as matter of law the charge upon the rule of damages was correct. *Myer* v. *Burns*, 35 N. Y., 170; *Stuart* v. *Lenier House Co.*, 75 Geo., 582. The evidence as to the injury to the health of the defendant was too remote. 12 Amer. & Eng. Ency. of Law, p. 748; *Collins* v. *Karatopsky*, 36 Ark., 316.

II. The court did not err in refusing to allow the amendment. The amendment was immaterial. The purpose of § 1023 of the General Statutes must be to prevent a party from exercising a general right to amend when the court clearly sees that the amendment offered is entirely immaterial.

In this case, the court did exercise this discretion and ought to have done so. The amount involved, and the time spent in the trial of the case, justified the action of the court.

III. No error was committed in excluding the testimony of the lessee offered for the purpose of showing what construction she put upon the contract. *Burr* v. *Spencer*, 26 Conn., 162; *North* v. *Nichols*, 37 Conn., 376; *Redfield* v. *West Haven Water Co.*, 58 Conn., 39: *Excelsior Needle Co.* v. *Smith*, 61 Conn., 56.

IV. The charge of the court respecting the want of consideration for the guaranty of the surety was fully justified. The evidence offered by the plaintiff went to show simply that the surety had agreed to sign as such before the lease was executed, and that his subsequent signing was pursuant to that agreement. Of course if the contract of guaranty had been entered into subsequently to the lease, there must be a new and distinct consideration to sustain the guaranty. Amer. & Eng. Ency. of Law, Vol. 9, p. 69; *Hotchkiss* v. *Barnes*, 34 Conn., 35.

The court gave the correct meaning to the word "repairs." 20 Amer. & Eng. Ency. of Law, p. 1039; *Todd* v. *Inhabitants of Rowley*, 8 Allen, 58. The court below correctly held that § 2969 of the General Statutes did not apply to ordinary repairs. *Hatch* v. *Stamper*, 42 Conn., 28.

BALDWIN, J. The plaintiff in this action sued for rent upon a written lease. The defendants, admitting in their answer all the allegations of the complaint to be true, pleaded in avoidance that the plaintiff, by reason of fraud, false warranty, and breach of an agreement to repair, was liable to Mrs. Fowler, the lessee, in damages exceeding the rent accrued; and she added, by way of counterclaim, a demand for a still larger sum, founded on the same grounds. The plaintiff replied by what was substantially a general denial, and the verdict finds the issue in his favor, and gives him the full amount of the rent in arrear.

Several errors are apparent on the record; but we think none of them are such as to require a reversal of the judgment.

The pleadings were such that the burden of proof rested on the defendants, and they accordingly opened and closed the case.

The counterclaim joined claims sounding in tort with claims founded in contract, but all connected with the transaction which was the subject of the plaintiff's action. He had let a house to Mrs. Fowler, knowing that she intended to sublet rooms in it to lodgers, and with the privilege of so doing. She claimed that the heating apparatus was so defective that the rooms could not be properly warmed in cold weather, whereby she had lost their use up to the time of trial, and that for such loss the plaintiff was responsible. Had she proved her charges of fraud, false warranty, and agreement to repair, she would have been entitled to the resulting damages, computed to the time of trial. Her counterclaim placed her on the same footing, in this respect, as if she had been the plaintiff in an independent action. She had a right to prove, and was bound to prove, her entire damages. *Burritt* v. *Belfy*, 47 Conn., 323; General Statutes, § 1050. Nor should she have been restricted in showing the defects in the heating apparatus, to its condition prior to January 1st. As long as it continued defective, and the rooms were thus left insufficiently heated, her cause of damage was a continuing one. The lease was worth less up

to the time of trial than it would have been, had the heating apparatus been adequate, and the amount of this difference between what it was worth for her purposes, with cold rooms, and what it would have been worth, with rooms properly heated, would represent her loss. The Court of Common Pleas therefore erred in restricting her proof of the condition of the house and of loss of rents to the period before January 1st.

It erred also in limiting too narrowly the mode of proof. The measure of damages, assuming her claims to be well founded, would be the rental value of the rooms, for the purpose of letting which she had hired the house, which she could not let, on account of the lack of proper heat in them. *Myers* v. *Burns*, 35 N. Y., 269. Such loss of the use of these rooms arising from her inability to let them, could be shown otherwise than by evidence of applications actually made to her, and withdrawn on this account. If the rooms were untenantable in cold weather, she was not bound to seek for lodgers during the winter, or to show that applicants for lodgings had examined and declined to take them.

But the question of damages became immaterial when she failed to establish the claims upon which her right of recovery depended. The admissions in her pleadings made her the "actor" in the suit, as to her answer as well as her counterclaim. The issue was joined upon her claims, not upon the plaintiff's ; and it was found against her. Had the jury found that the plaintiff was guilty of fraud, or chargeable with a false warranty, or breach of an agreement to repair, it would have been their duty to return, and we must assume that they would have returned, a verdict in favor of the lessee, upon the counterclaim, even though they had found only nominal damages. Their verdict, as given, is in favor of the plaintiff both on answer and counterclaim, and as the subject of each was identical, establishes the invalidity of each of the charges made by the lessee. As, therefore, no wrong was done, and no contract broken by the plaintiff, the evidence introduced or offered in support of Mrs. Fowler's claim for damages consequent on such wrong

or breach of contract, was unimportant, and she can have suffered no injury by the exclusion of that in respect to which the Court of Common Pleas was in error. Had the claims been presented simply by an answer, it would have been possible for the jury, though believing them to be well founded, to return a verdict against her, for lack of evidence of damages ; but as they were also brought up by her counterclaim, the verdict upon that determines the ground upon which they proceeded, and shows that the decisive facts, upon which her right to damages rested, were found against her.

The court properly instructed the jury that General Statutes, § 2969, which excuses a tenant from paying rent, though continuing his occupation, if the tenement is, without his fault or neglect, so injured as to be unfit for occupancy, did not apply to the case of an injury occurring from the want of ordinary repairs. This was in accordance with the view of this statute taken by this court in *Hatch* v. *Stamper*, 42 Conn., 28, and the change in its phraseology in the Revision of 1875, was evidently made simply for the sake of brevity, and did not affect its legal construction.

The refusal to allow an amendment of the answer upon the trial, in order to let in evidence of inconvenience to Mrs. Fowler personally, by the defects in the heating apparatus, was a matter resting in the discretion of the trial court. Rule III., under the Practice Act, § 6, (Practice Book, p. 14) declaring that " in all cases of any material variance between allegation and proof, an amendment shall be permitted at any stage of the trial," must be read in connection with the provisions of General Statutes, § 1027, that " all courts shall have power to restrain the amendment and alteration of the pleadings, so far as may be necessary to compel the parties to join issue in a reasonable time for trial." An amendment of the pleadings, when the case is on trial, and the evidence partly in, is never a matter of absolute right.

There was no error in striking out the testimony of Mrs. Fowler, as to her conversation with the plaintiff's agent relative to the execution of the guaranty. Not only was the

conversation, as stated, too indefinite, on each side, to affect the obligation which the guaranty, as afterwards executed, imports, but the defence of want of consideration was not open to either of the defendants upon the pleadings in the case. The plaintiff set out the lease and guaranty in his complaint and alleged that the defendant Kebabian signed the latter for value received. The guaranty itself recites that it is given "for and in consideration of the letting of the premises within described, and for value received." The joint answer of the defendants begins thus : " The defendants admit the truth of the matters contained in the plaintiff's complaint, but in avoidance of the same set up the following facts." Four separate defenses are then pleaded, the third of which is that the guaranty was signed without consideration. The complaint, however, had alleged that it was signed for value received, and this and every other of the plaintiff's averments had been admitted to be true, before the third defense was set up. The latter was therefore void for repugnancy, and no evidence was admissible in its support. Gould on Pleading, Chap. III., § 168.

In support of the fourth defense, the court was requested to instruct the jury that they were at liberty to infer that the plaintiff had agreed to make all necessary repairs, from the clause in the lease, " Said premises shall be at all times open to the inspection of said lessor or his agents, to applicants for purchase or lease, and for necessary repairs," taken in connection with the fact that the plaintiff had made all repairs which had been requested, except that he did. not repair the steam heater so that it would heat the house, and the further fact that no claim was made that the lessee should make the repairs. The court gave this instruction, adding that the word "repairs" meant ordinary repairs, but would not include the substitution of one system of heating for another, or a new heater unless the old one was worn out. The defendants complain of this addition, but, in our opinion, the charge, upon these points, was much too favorable to them. The lease contained no express agreement to repair, and the jury were not at liberty to read such an

agreement into it by the aid of the reservation to the lessor of a right of entry to make necessary repairs. Such a right is necessary for his protection, should an occasion arise for extraordinary repairs, and reserving it, in words broad enough to cover also the case of ordinary repairs, could not oblige him to exercise it in respect to either. The only other reference to repairs made in the lease is in the clause requiring the lessee " to keep in repair all plumbing, caused by freezing or careless use or misuse of the same." The term was to commence September 1st, 1893, and the lease was executed August 30th. The fourth defense set up that on or about the time of its execution the plaintiff agreed with the lessee that he would make all necessary repairs so that the house would be suitable for the purposes of a lodging-house keeper, and that she signed it in reliance upon this agreement. The demurrer which was interposed to this defense should have been sustained. No parol agreement could be thus set up to enlarge the stipulations in the lease. *Osborne* v. *Taylor*, 58 Conn., 439.

It is claimed by the defendants that the court, in recapitulating the evidence to the jury, did not state correctly the testimony of one of the witnesses. If so, the jury before whom he gave his evidence, can hardly have been misled by it. The duty of recollecting and weighing the evidence belongs to them. It is enough, however, to say, with regard to this exception, that it is not supported by the finding, in which no part of the testimony of the witness in question is given or described.

The Court of Common Pleas committed no errors which have prejudiced the defendants, and a new trial is denied.

In this opinion the other judges concurred.