GEORGE W. FERNSIDE *vs.* EPHRAIM ROOD ET UX.

First Judicial District, Hartford, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action of summary process the complaint alleged that the defendant occupied the premises as lessee and tenant of the plaintiffs. The first defense of the answer denied this, and the second averred that he occupied as an intending purchaser under a written agreement. The reply first denied the allegations of the second defense, and then admitted that the defendant had formerly occupied the premises as an intending purchaser, but alleged that the contract had been rescinded and that thereupon he ceased to hold possession in that capacity; and the rejoinder denied this. *Held* that under these pleadings the plaintiffs might prove, if they could, the rescission of the contract to purchase and the possession of the defendant as tenant; and therefore a request by the defendant that the jury might be instructed, as matter of law, that the question of tenancy was not in issue and could not be shown by the plaintiffs, was properly refused.

A pleading which denies in one paragraph and practically admits in the next the existence of matters alleged on the other side is defective and objectionable; and although the imperfections are waived by the opposite party by joining issue and proceeding to trial, he is nevertheless entitled to have the objectionable averments construed most strongly against the pleader.

Submitted on briefs May 2d—decided May 22d, 1900.

WRIT of error to reverse a judgment of a justice of the peace in an action of summary process, brought to the Court of Common Pleas in Hartford County where judgment of reversal was rendered by the court, *Peck, J.,* from which the defendants appealed for alleged errors in the rulings of the court. *Error and judgment set aside.*

Rood and his wife brought an action of summary process against Fernside, before a justice of the peace, alleging therein that they had leased the premises in question to the defendant on the first day of April, 1898, for the term of one month, for the monthly rent of $15; that he took possession under that lease, and had continued to hold possession under it; that on the 11th day of September, 1899, they gave him.

legal notice to quit such possession on or before the 21st day of that month, and that although said lease had expired by lapse of time, and the time limited in the notice had expired, he refused to quit such possession.

In the justice court Fernside filed an answer consisting of three defenses. The first was a general denial of all the allegations of the complaint. The second was as follows:—

"1. On the 19th day of March the plaintiffs and defendant entered into the following written agreement:—

"EAST HARTFORD, March 19th, 1898.

"This may certify whom it may concern, that E. Rood of the first part and Geo. W. Fernside of the second part have made the following bargain or contract, to wit: for the consideration of two thousand dollars E. Rood of the first part has sold to Geo. W. Fernside of the second part his new cottage, No. 5 Orchard Street, on the following conditions and terms, viz: Said Fernside is to enter into and take possession of said premises and pay $15 per month from April 1st, 1898, and as soon as said Fernside shall pay the sum of at least two hundred dollars, said Rood shall then give said Fernside a deed of premises and mortgage back $1,800, and as soon as the $200 is paid all money paid from April 1st, 1898, in excess of $8.34 monthly shall go to lessen the mortgage of $1,800. In case this agreement is carried out there will be $6.66 monthly to apply on mortgage to lessen the amount due on said $1,800, and after the $200 or more is paid there shall be paid monthly at least $7.50, also water rent and taxes; the amount of land to go with place is whole depth of lot to Dr. Lane's barn, and comes west of line of trees.

"EPHRAIM ROOD,
"GEO. W. FERNSIDE."

"2. The defendant, relying upon said agreement, entered into possession of the premises described in plaintiffs' complaint, and is now occupying same under and by virtue of said agreement."

The third defense alleged that since the commencement of

the action, Fernside had paid to Rood and his wife $15 under said contract for the month of September, 1899, and that for this they were "debarred from maintaining this action."

The reply was as follows: "1. Plaintiff Louisa R. Rood denies all allegations contained in defendant's second defense, and denies that she ever executed or authorized any one in her behalf to execute the agreement alleged to have been made in paragraph 1 of said defense, or that she had any knowledge of the existence of said agreement until on or about the 5th day of September, 1899, when she refused to ratify said agreement or to be bound by the same. 2. The plaintiff Ephraim Rood admits the allegations of the second defense, except the allegation that defendant is occupying said premises under and by virtue of said agreement, which he denies. 3. On or about the 5th day of September, 1899, the defendant admitted that he had not performed his part of said agreement, and in consideration that the plaintiffs should pay him twenty-five dollars ($25) for improvements previously made by him on said premises, which payment plaintiffs then made, agreed to and did waive and surrender any and all rights which he might have had, had he performed his said agreement, and agreed that said instrument in writing should be of no effect and not obligatory on any of the parties thereto. 4. The third defense is denied."

In the rejoinder Fernside denied the first and second paragraphs of the reply.

The case in the justice court was tried to the jury, who found all the issues for Rood and his wife, and upon the verdict judgment was rendered for them to recover possession of the leased premises, with their costs.

Upon said trial the following bill of exceptions was allowed for the defendant: "1. The defendant requested the court to charge the jury that the action of summary process could not be maintained, because it appeared by the pleadings that the relation of landlord and tenant did not exist between the parties. The court declined to instruct the jury in accordance with said request, but did instruct them that

Fernside *v*. Rood.

it was a question for them to determine whether the relation of landlord and tenant did exist between the parties. 2. The defendant requested the court to charge the jury that under the pleadings in said case and the evidence as to the payment of rent for the month of September, 1899, the plaintiffs waived any right of forfeiture for non-payment, but the court declined to so charge the jury."

The refusal of the justice court to charge the jury as requested in the bill of exceptions, is the only error assigned in the writ of error. The Court of Common Pleas held that the justice court erred in not charging as requested in the first paragraph of the bill of exceptions, and did not err in refusing to charge as requested in the second paragraph; and thereupon reversed the judgment of the justice court. This action of the Court of Common Pleas, in holding that the justice erred as aforesaid, is the only error assigned upon this appeal.

*Percy S. Bryant* and *Hugh M. Alcorn*, for the appellants (defendants).

*William F. Henney* and *John W. Coogan*, for the appellee (plaintiff).

TORRANCE, J. The only question on this appeal is whether the Court of Common Pleas erred in holding that the justice court should have charged the jury as requested in paragraph one of the bill of exceptions. That request proceeds on the assumption, that as matter of law the pleadings showed that the relation of landlord and tenant did not exist between the parties when the complaint was brought. The complaint alleged that such relation did exist between them. The first defense expressly denied this, and the second in effect also denied it, and set up, in substance, that the defendant was in possession, not as tenant, but under a contract to purchase. The reply to the second defense was, in form at least, a joint one. In the first paragraph of that reply Mrs. Rood formally denies all the allegations of the second defense, de-

nies that she ever authorized any one to execute the contract in question on her behalf, and denies that she ever ratified it or agreed to become bound by it, or knew of its existence until September 5th, 1899; while in a subsequent paragraph she in effect admits its execution and existence and that Fernside had entered into possession of the premises under it, but alleges that for a consideration paid by her and her husband to Fernside, it had been rescinded and made of none effect, by agreement of the parties; and in that same reply her husband admits all the allegations of the second defense, except that one which alleges that Fernside was occupying the leased premises under said contract, which allegation was denied by both him and his wife, and sets up the rescission of the contract as above set forth.

This joint reply in thus alleging in the same breath the existence and non-existence of matters set up in the second defense, was undoubtedly defective and objectionable, had Fernside seen fit to take advantage of its imperfections; but instead of doing so he joined issue thereon and went to trial upon it as it stood. In so doing we think that Fernside must be regarded as having waived all objections to the form of the reply; but he was still entitled to have the reply construed most strongly against the pleader, and upon such a construction the reply must be regarded as if the first paragraph of it were stricken out. In this aspect it admits all the allegations of the second defense, save the single one that it denies, and alleges that prior to the bringing of the action the contract set up in that defense had been rescinded, and that Fernside had agreed that such contract "should be of no effect and not obligatory on any of the parties thereto."

Under these pleadings one of the important questions which the parties desired to try was whether Fernside was in possession of the premises as tenant or only as intending purchaser. The complaint alleged that he was in as tenant; the first defense denied this; the second defense alleged that he was in as intending purchaser only; the reply admitted that he had once been in as intending purchaser, but that the contract had been rescinded, and he was not now in as intending purchaser; the rejoinder denied this.

Under these pleadings the complainants were clearly entitled to prove, if they could, and the jury were at liberty to find, upon proper evidence, that although the contract had been executed and possession taken under it by Fernside as alleged, nevertheless that it had been rescinded and all rights under it surrendered and abandoned as alleged, long before this action was brought, and that when the action was brought Fernside was in possession as tenant, as alleged; there is nothing in the pleadings that, as matter of law, would prevent such evidence from being admitted, or such finding from being made; in short there is nothing in the pleadings that as matter of law would prevent the complainants from offering proper evidence tending to prove, or the jury from finding from that evidence, that when the action was brought Fernside was in as tenant of the complainants. This being so, the justice court did not err in refusing to charge as requested, that under the pleadings, and as matter of law, the complainants could not show nor the jury find that such tenancy existed between the parties. This was in effect what the justice was asked to say to the jury, and we think he did not err in refusing to tell them so; and this refusal is substantially the only thing that really is, or that really can be, complained of, under the bill of exceptions in the writ of error. It is not alleged nor claimed that the jury were not properly enough instructed in all other respects.

We think the justice did not err in refusing to charge as requested, and consequently that the Court of Common Pleas erred in reversing the judgment of the justice court.

There is error in the judgment here complained of and it is set aside.

In this opinion the other judges concurred.