ARTHUR PATCHEN ET AL. *vs.* THE DELOHERY HAT COMPANY.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A plaintiff is not obliged to prove a fact, essential to his cause of action, the existence of which is expressly alleged or admitted by the defendant in his answer; nor is the effect of such allegation or admission nullified or limited because a general denial is also pleaded, since the defendant cannot properly assume totally inconsistent positions upon the same subject.

In an action upon the so-called common counts for work done and materials furnished, the defendant pleaded a general denial, and also a special defense alleging that a contract was made between the parties for the performance of the work in question, but that the sum agreed to be paid therefor was much less than that claimed by the plaintiff as its reasonable value, and was tendered to the plaintiff. *Held* that this relieved the plaintiff from proving that the defendant employed him, and left for determination only the questions of price or value, and tender.

An admission in pleading dispenses with proof and is equivalent to proof.

The common counts provide an appropriate form of action in which to recover for work performed and materials furnished under an express employment but with no agreement as to the compensation to be paid therefor.

Argued November 5th—decided December 17th, 1909.

ACTION to recover for work and labor and materials furnished, brought to and tried by the City Court of Danbury, *Booth, J.;* facts found and judgment rendered for the plaintiffs for $430, and appeal by the defendant. *No error.*

*James E. Walsh* and *William H. Cable*, for the appellant (defendant).

*Charles W. Murphy*, for the appellees (plaintiffs).

PRENTICE, J. The plaintiffs brought their action upon

the common counts to recover for work and labor done and materials furnished, as set out in their bill of particulars. The defendant pleaded a general denial, a special defense, and a tender. The special defense alleged that the defendant, acting through its president, entered into a contract with the plaintiffs for the performance of the work in the execution of which the labor and materials covered by the bill of particulars were performed and furnished; that in this contract the sum to be paid therefor was agreed upon, and that this sum was considerably less than the amount claimed to be recovered as the reasonable value thereof. The plaintiffs admitted that the work was done and materials furnished under a contract so made, but denied that the price was agreed upon. The court found the existence of this contract in so far as the doing of the work and furnishing of the materials was concerned, but that there was no agreement as to price other than that the plaintiffs should "do the work by the day and treat the defendant right." Judgment was thereupon rendered for the amount of the bill of particulars. Upon the trial the plaintiffs, for the purpose of proving that the person with whom, as representing the defendant, the contract was made was authorized to act for the defendant, called that person, who testified, against objection, that he was the president of the defendant corporation and that he had authority to act for it in the premises.

The error upon which the defendant chiefly relies is, that the court made its finding of the existence of a contract between the plaintiffs and the defendant, pursuant to which the work in question was executed, without sanction in evidence or otherwise, for the reasons: (1) that there was no proof legally presented that the person claimed to have represented the defendant in the matter of such contract had authority to represent it; and (2) that the allegation of the existence of such a contract, contained in the special defense, did not justify the court

in accepting that fact as a fact in the case, without proof, on account of the presence of the general denial.

The plaintiffs were under no obligation to present proof that the work and materials for which recovery was sought were done and furnished pursuant to an agreement therefor entered into on behalf of the defendant by some one with authority. In the first paragraph of the second defense the defendant distinctly and unqualifiedly asserts the existence of this agreement, whose legal effect, in so far as it is averred in this paragraph and found by the court, is nothing more than the establishment of an employment. Although not expressed in the complaint, it involved an averment of an employment, either express or implied, and such employment it was incumbent upon the plaintiffs to establish. The defendant in framing its answer was privileged to either admit or deny the employment. It was its duty to plead the truth. Rules of Court (1908), p. 249, § 159; *Church* v. *Pearne,* 75 Conn. 350, 356, 53 Atl. 955. It could not properly assume totally inconsistent positions upon that subject. *Hatch* v. *Thompson,* 67 Conn. 74, 77, 34 Atl. 770; *Gulliver* v. *Fowler,* 64 Conn. 556, 566, 30 Atl. 852. When, therefore, it chose in its answer to assert the fact that the work done and materials furnished by these plaintiffs, and for which recovery was sought, were done and furnished under its express employment, it operated as an admission of the facts which it was incumbent upon the plaintiffs to establish in support of their complaint to that extent. And this admission did not lose its effect in the presence of other pleading to the contrary, contained in the answer, whether that inconsistent pleading was embodied in the same defense or another. *Gulliver* v. *Fowler,* 64 Conn. 556, 566, 30 Atl. 852; *Fernside* v. *Rood,* 73 Conn. 83, 87, 46 Atl. 275. "An admission in pleading dispenses with proof, and is equivalent to proof." *Connecticut Hospital for Insane* v. *Brookfield,* 69 Conn. 1, 4, 36 Atl. 1017.

The only other error charged to the court in the brief of counsel, is that a misuse of the common counts was permitted. They were entirely appropriate to the situation as the plaintiffs claimed it and the court found it. That situation disclosed an express employment by the defendant of the plaintiffs to do the work and furnish the materials in question, an absence of an agreement as to the compensation to be paid therefor, and performance on the plaintiffs' part. They thus became entitled to a reasonable compensation for labor done and materials furnished.

There is no error.

In this opinion the other judges concurred.