POINT O' WOODS ASSOCIATION, INC. *vs.* ELIZABETH K. BUSHER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js..

Argued June 6th—decided July 18th, 1933.

*Harrison D. Schofield,* for the appellant (plaintiff).

*Ralph M. Grant,* for the appellee (defendant).

HINMAN, J.   The plaintiff is an association composed of the owners of land in a colony of summer residents known as Point O' Woods in Lyme, and was incorporated by Special Act (Special Laws, 1925, p. 1031).   Section 5 of the Act provides that the association "shall have the power to make and enforce reasonable police regulations within its limits, including provisions concerning garbage and other refuse matter and the removal of the same."   In July, 1930, the association enacted an ordinance providing, in § 1, that "No person, persons or incorporations shall use nor cause to be used, rent, lease or occupy for dwelling or living purposes any garage or tent within the territorial limits of Point O' Woods Association."   Other sections provide for appeal to the governing board by persons affected, and that the ordinance take effect June 1st, 1931.

The complaint alleged that the defendant owns a piece of land, within the territorial limits of the association, the only buildings on which consist of a wooden two-car garage and a canvas tent which the defendant has caused to be used, rented, or leased for dwelling or living purposes, and are now being used for such purposes; that the plaintiff has warned the defendant that such use is in violation of the ordinance but she has failed to appeal to the governing board and refuses to desist from so using the premises; that the property owners included in the plaintiff association have been greatly injured, their property greatly depreciated in value, and the public health and welfare greatly endangered by the acts of the defendant, and that the damages for such injury are of a nature incapable of measurement by pecuniary standard, and injunctive relief is the only natural and reasonably certain remedy.   The relief claimed was a permanent injunction restraining the defendant from causing to

be used, renting, leasing, or occupying the garage and tent for dwelling and living purposes.

The trial court found that formerly garages and tents upon premises within the association limits were used for living purposes under conditions which were disturbing and offensive from the standpoint of morals, that the ordinance was adopted in consequence, and that the objectionable conditions have since disappeared. It is found, further, that one of the structures on the defendant's property is a one-story frame building, twenty by twenty feet, having the external appearance of a two-car garage with two large doors at the front and a door at the rear, but has never been used as a garage. Inside it is divided by wooden partitions into four rooms and is equipped with running water, a lavatory, and a toilet with septic tank, and in summer has been used by the defendant and her tenants for sleeping purposes. The finding states that as so arranged and equipped the building "is a bungalow" and "not a garage." The other structure is twelve by twenty-five feet, standing on short posts, having a board floor with board sides and ends three feet high above the floor. There is also a wood frame over which canvas is spread forming a roof and ends and sides down to the boarded ends and sides. The interior is divided into two rooms by a partition, the rear room being used for cooking and the front as a dining and sitting room.

As the paragraphs of the complaint which allege that the only buildings on the premises consist of a garage and a tent and that they have been and are being used for dwelling or living purposes are admitted by the answer, the nature of the structures and their use were laid out of issue by admissions in pleading. *Cassidy* v. *Southbury,* 85 Conn. 221, 224, 82 Atl. 198; *Patchen* v. *Delohery Hat Co.,* 82 Conn. 592, 594, 74 Atl. 881; *Con-*

*necticut Hospital for Insane* v. *Brookfield,* 69 Conn. 1, 4, 36 Atl. 1017. Therefore, the findings inconsistent therewith, including that the frame building is not a garage but a bungalow, must be displaced, at the appellant's behest, by the admitted statements from the complaint. The finding as so corrected establishes a violation by the defendant of the terms of the ordinance and deprives of validity the contrary statement that "there has been no violation of the spirit, intent, or language of the ordinance."

The finding states further, however, with support from the evidence which renders it unassailable here, that the public health, welfare, or morals of the association or of any member thereof has not been endangered or influenced in any degree by the use made of the structures, no property of any member has been depreciated in value or otherwise adversely affected, and an injunction restraining the defendant from so using them would serve no useful purpose to the association or any member or inhabitant, but would impose upon the defendant an unreasonable and vexatious burden. These considerations preclude us from overruling the conclusion that the plaintiff is not entitled to an injunction. Injunctive relief from violation of an ordinance for which no penalty is prescribed is available in a proper case (*Coombs v. Larson,* 112 Conn. 236, 244, 152 Atl. 297), but the right thereto is confined to cases of public nuisances and analogous instances where the public is subjected to substantial injury. 5 Pomeroy's Equity Jurisprudence, §§ 1893, 1894; *State* v. *Lindsay,* 85 Kan. 79, 116 Pac. 207; *Stockton* v. *Frisbie & Latta,* 93 Cal. App. 277, 285, 270 Pac. 270; *Vegelahn* v. *Guntner,* 167 Mass. 92, 99, 44 N. E. 1077. An injunction ought not to be granted except for the prevention of serious and irreparable injury, and cannot be demanded as a matter of right,

but rests in the sound discretion of the court. *Hine* v. *Stephens,* 33 Conn. 497, 89 Am. Dec. 217. Especially as the facts here disclose only a technical violation of the ordinance, free from the objectionable characteristics against which the enactment was directed, we cannot find an abuse of discretion in withholding the summary and extraordinary remedy of injunction which is the only equitable relief suggested as appropriate in the present action. Imposition of a penalty prescribed by the ordinance for violation of it would seem to be a fitting remedy, if one is required, and if no such provision is included in the enactment the omission may readily be remedied.

Determination of the further issue, raised by a special defense, that the plaintiff had no power under its charter to enact the ordinance in question, was held by the trial court to be unnecessary in view of its decision on other grounds; therefore the question is not presented by the appeal.

There is no error.

In this opinion the other judges concurred.