WILLIAM J. HOARD *vs.* SEARS ROEBUCK & COMPANY, INC.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 6th—decided November 6th, 1936.

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (plaintiff).

*William W. Gager,* with whom was *Henry C. Campbell,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover damages for injuries alleged to have been

received through the negligence of the defendant's servant. The complaint is in two counts. In the first count, it is alleged that the plaintiff was sent by his employer, the Hathaway Trucking Company, with a truck to a yard in the rear of defendant's store at Waterbury to empty a bin containing rubbish and clean up the yard; and while so employed he was struck by an electric light globe thrown by one of defendant's servants from the third floor of the store, and injured. In the second count, the conduct of the defendant's servant was alleged to have been "wanton, deliberate and wilful." In its answer, the defendant, after denying the material allegations of the complaint, set up two special defenses. In the first special defense, the defendant set up that it regularly employed more than five employees and was subject to the terms of the Workmen's Compensation Act; that the plaintiff was employed by Erwin Hathaway and was acting in that employment in cleaning the yard and the rubbish box; that Hathaway was employed by the defendant to do this work which was a part or process of defendant's trade or business; that the injuries sustained by the plaintiff were sustained in the course of his employment; and that he had claimed compensation from his immediate employer and was receiving compensation from the employer's insurer. The second special defense is not material to any question raised upon this appeal.

After a trial to the jury, a verdict was directed for the defendant and the plaintiff has appealed. The sole question before us upon this appeal is whether the trial court was correct in directing a verdict. The first special defense is based upon General Statutes, § 5230, which provides: "PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer shall procure any work to be done wholly or in part

for him by a contractor, or through him by a sub-contractor, and the work so procured to be done shall be a part or process in the trade or business of any such principal employer, and shall be performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor." We have held that to recover from a principal employer under this statute (1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be in, on or about the premises controlled by the principal employer, and (3) the work must be a part or process in the trade or business of the principal employer. *Crane* v. *Peach Brothers,* 106 Conn. 110, 113, 137 Atl. 15; *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189, 191, 139 Atl. 778; *Massolini* v. *Driscoll,* 114 Conn. 546, 551, 159 Atl. 480. As between all persons in the mutual relationship of employer and employee, who have accepted the provisions of the Workmen's Compensation Act, the right to obtain and the liability to pay compensation under the act is substituted for the common-law rights and liabilities otherwise existing between them to the exclusion of the latter. *Wells* v. *Radville,* 112 Conn. 459, 463, 153 Atl. 154; *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 130, 157 Atl. 860.

The appellant contends, first of all, that Sears Roebuck & Company was not a principal employer of the plaintiff within the meaning of the Workmen's Compensation Act and that Hathaway was an independent contractor. From the evidence certified, it appears that the jury, acting as reasonable men, might have found the following facts: Sears Roebuck & Company was engaged in the selling of all kinds of merchandise,

having numerous stores in Connecticut and through-
out the country. Their store in Waterbury was four
stories in height and entirely occupied by them. In
the rear of the store was a yard with a bin in which
it was customary to place rubbish and waste matter.
In the course of their business, merchandise which
comes packed in crates, cartons and boxes is uncrated
in the store and the removal of this rubbish is necessary
in the conduct of the business. The plaintiff was em-
ployed by Hathaway and had been for six months.
Hathaway was in the trucking business and had a con-
tract with Sears Roebuck & Company to supply their
Waterbury store with sufficient equipment, with two
men thereon, to take care of all their deliveries, pick
up freight at the freighthouse, and dispose of rubbish
which accumulated in the rear of the yard. On the
day of the accident, the plaintiff, pursuant to instruc-
tions from his immediate employer, went to the yard
with a truck to clean the bin and remove the rubbish.
While standing in the yard close to defendant's build-
ing and talking with another employee, he was struck
by a glass globe which had been swept out of the third
floor of the building, and severely cut in the arm.

Clearly, the work of removing the rubbish was essen-
tial to the operation of the store and was thus part
of the trade or business of the defendant. *Fox* v.
*Fafnir Bearing Co.*, supra, 195. Further, the jury, act-
ing as reasonable men, must have found that the plain-
tiff was injured while in the yard in the rear of de-
fendant's store and close to the building; that the place
was used by the defendant to keep rubbish accumu-
lated in its store and for the removal thereof; and
that the work was being done "about" premises under
defendant's control within the meaning of the statute.
As the work being done was a part or process of de-
fendant's business; and done in or about premises

under the defendant's control; and the person injured was an employee of a contractor who had contracted with the defendant to do the work; and the parties had accepted the provisions of the Workmen's Compensation Act, the conclusion follows that the defendant was liable to pay compenastion and not liable to an action at common law. If, as the appellant claims, the relationship between the defendant and Hathaway was such that the latter was an independent contractor, this would not, of itself, alter the situation. If the work is part or process of defendant's business and done on or about its premises, whether performed by an independent contractor or not, the work comes within the provisions of the Workmen's Compensation Act and the defendant is liable thereunder. *Bello* v. *Notkins,* 101 Conn. 34, 38, 124 Atl. 831; *Fox* v. *Fafnir Bearing Co.,* supra, p. 191.

The appellant's contention that because there was evidence tending to show that the plaintiff at the moment of the accident had desisted from cleaning the yard and was conversing with another person while waiting until the debris was swept down from the third floor, he was not sufficiently employed to give rise to compensation liability, is without merit. A momentary withdrawal from active work is not necessarily a cessation of employment. *Richards* v. *Indianapolis Abattoir Co.,* 92 Conn. 274, 277, 102 Atl. 604; *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 755, 120 Atl. 603; *Ryerson* v. *Bounty Co.,* 107 Conn. 370, 375, 140 Atl. 728. Nor is there force in the contention that the plaintiff's employment was casual. He was regularly employed by Hathaway who regularly cleaned the yard at least once a week. His employment was as regular as the needs of the business required. Employment is not casual if it is for a part of one's time at regularly recurring periods. *DeCarli* v. *Manchester*

*Public Warehouse Co.,* 107 Conn. 359, 363, 140 Atl. 637; *Pallanck* v. *Donovan,* 105 Conn. 591, 594, 136 Atl. 471.

The appellant makes the contention under the second count that if an injury is caused by the intentional or wanton act of the employer or his servant, the injured party is not precluded by the Workmen's Compensation Act from pursuing his common-law remedy. In regard to this claim, there was no evidence from which the jury could reasonably have found that the act was intentional or wanton on the part either of the employer or the person who swept the globe out of the third story of the building. There is no occasion, then, in this case to consider the scope of the act as regards injuries due to intentional or wanton misconduct of a fellow employee. The contention of the appellant that to hold that injuries arising from wanton or reckless conduct of a co-servant may come within the provisions of the act would render the act unconstitutional requires little discussion. Our act is an optional one and such acts have been uniformly sustained. See note, 28 R. C. L. p. 37; *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 147, 93 Atl. 245.

It is claimed that the defendant was estopped by reason of its pleading and conduct from asserting the claim that its relationship to the plaintiff was that of employer and employee within the terms of the act. In its answer, the defendant denied the allegation of the complaint that the plaintiff was in the exercise of due care and followed this allegation with the special defenses to which reference has been heretofore made. The appellant claims that it was inconsistent to deny that the plaintiff was in the exercise of due care and then set up a special defense claiming that the case was covered by the provisions of the Workmen's Compensation Act. It is a principle of code pleading that

inconsistent defenses may be pleaded and set up in the same answer. In some States, there is no limitation to this rule. See note, *Seattle National Bank* v. *Jones,* 48 L. R. A. 177, 185 (13 Wash. 281, 43 Pac. 331), Annotated Cases, 1917C, 708. Under our practice, however, a defendant cannot in one defense expressly admit a certain fact to be so and expressly deny it in another; and as he is obligated to plead the truth, he cannot take inconsistent positions with reference to a matter so within his own knowledge that he must know which is true. *Gulliver* v. *Fowler,* 64 Conn. 556, 566, 30 Atl. 852; *Hatch* v. *Thompson,* 67 Conn. 74, 77, 34 Atl. 770; *Fernside* v. *Rood,* 73 Conn. 83, 86, 46 Atl. 275; *Patchin* v. *Delohery Hat Co.,* 82 Conn. 592, 594, 74 Atl. 881. Nor has he a right to pursue inconsistent claims where the effect will be greatly to confuse and complicate the issues; *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 196, 171 Atl. 429; and where he attempts to do so in such a case the trial court may properly direct that he elect the position upon which he proposes to stand. Such a ruling would be within the discretion of the court, the exercise of which would be reviewable only so far as to inquire whether there had been an abuse of it. The defenses interposed in this case might both have been true and they are not inconsistent within our rule.

It is further claimed that because the defendant failed to report the accident as required by General Statutes, § 5244, the employee, under the provisions of General Statutes, § 5263, had the option to elect either to claim his right to compensation or bring an action for damages. This section, however, gives such right to the employee only in the case of the employer's failure to prove his financial ability or procure insurance as provided by § 5255. For failure to conform to any other provision of the act, a fine is provided.

The express mention of one exception in § 5263 excludes others. *Simmons* v. *Holcomb,* 98 Conn. 770, 776, 120 Atl. 510.

There is no error.

In this opinion the other judges concurred.