JAKE ZIMMERMAN *v.* MACDERMID, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 7—decided November 4, 1943.

*Walter E. Monagan*, for the appellant (defendant).

*A. Henry Weisman*, for the appellee (plaintiff).

JENNINGS, J. The plaintiff workman was injured on the premises of the defendant and brought this action to recover damages. The sole question is whether he can recover at common law or is limited to his award under the Workmen's Compensation Act. The defendant claims that the work on which he was engaged when injured, which was performed upon the premises of the defendant, was a part or process in the trade or business of the defendant within the provisions of General Statutes, § 5230.

No corrections in the findings are sought. On April 2, 1942, the plaintiff was working as a trucker's helper for the A. M. Larson Company, Inc., a trucking and storage concern in Waterbury. The defendant is a manufacturer of chemicals. There was an agreement

between the defendant and the Larson Company whereby the former stored on the premises of the latter such goods as the defendant desired or was unable to store at its own plant. Upon written or oral request from the defendant, the Larson Company, as a part of its regular business, would transport by truck to the premises of the defendant such merchandise as it ordered, and as a part of such transportation would unload the merchandise upon the loading platform of the defendant's building and place it where designated by the defendant within the building, piling or storing it in such manner as the defendant requested.

On the day when the plaintiff was injured, the defendant had ordered certain chemicals contained in metal drums to be delivered to its plant. On their arrival an employee of the defendant told the plaintiff where he wished to have the drums delivered and stored. The plaintiff was injured through the negligence of the defendant while he was wheeling a drum from the unloading platform to the place so indicated. This work, performed by the plaintiff on behalf of his employer, the Larson Company, was in accordance with the agreement and in the course of dealing between the Larson Company and the defendant.

On these facts the trial court concluded that the plaintiff was an invitee and was not an employee of the defendant and that the work upon which he was engaged was not a part or process in the trade or business of the defendant.

The statute (General Statutes § 5230) is discussed and analyzed in *King* v. *Palmer,* 129 Conn. 636, 30 Atl. (2d) 549, and many of our cases construing this section are cited and applied. It would serve no useful purpose to repeat that discussion here. In this case, as in that, the only condition about which there was any question was the third (p. 639): "the work must be a

part or process in the trade or business of the principal employer." The general rule is stated to be (p. 641): "If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business, or as an essential part in the maintenance thereof, it is a part or process of his work." Applying this rule to the facts of this case, the wheeling of the drums of chemicals from the unloading platform to the place in the factory designated by the defendant's employee was work which would ordinarily be performed by the employees of the defendant. The facts are very similar to those in the case of *Hoard* v. *Sears, Roebuck & Co., Inc.*, 122 Conn. 185, 188 Atl. 269. There the Hathaway Company was regularly employed by the defendant to remove the rubbish placed in a bin back of its store. An employee of the Hathaway Company was injured by the defendant's negligence while engaged in cleaning out the bin. It was held as a matter of law (a verdict for the defendant was directed) that this work was part or process in the business of the defendant. See also, in addition to the cases cited in the *King* and *Hoard* cases, supra, *Bee* v. *Thomas Ovens Sons*, 37 Scot. L. R. 328; *Cooper & Co.* v. *McGovern*, 39 Scot. L. R. 102, 104; notes, 58 A.L.R. 882, 105 A.L.R. 588. The case falls within the third condition cited above and the court was in error in giving judgment for damages. The plaintiff's exclusive remedy was under the compensation law and compensation has been paid to him by his immediate employer. *Hoard* v. *Sears, Roebuck & Co., Inc.*, supra, 188.

The question of the application of the compensation law was not raised in *Girard* v. *Kabatznick*, 128 Conn. 520, 24 Atl. (2d) 257, relied on by the plaintiff. The finding in the present case that "The plaintiff per-

formed no labor upon the premises of the defendant other than would be performed by any truckman who might be sent by his employer to deliver merchandise" was, in effect, a conclusion not supported by the other facts found. Conn. App. Proc., § 82.

There is error, the judgment is set aside, and the case is remanded with direction to enter judgment for the defendant.

In this opinion MALTBIE, C. J., BROWN and DICKEN-son, Js., concurred.

ELLS, J. (dissenting). The question is whether the work being done by the Larson Company's employee, at the time he was injured, was a part or process in the trade or business of the defendant, the MacDermid Company. We must abide by the finding, for it was not attacked. As I read it, it says quite plainly that the work the plaintiff was doing when he was injured was a part of the Larson Company's transportation job, and not a part or process in MacDermid's business. This being so, the *King* and *Hoard* cases are not applicable.