### STATE OF CONNECTICUT *v.* ANONYMOUS (1973–9)*

SUPERIOR COURT

DAVID M. SHEA, J. The defendant is charged with two counts of pool selling in violation of General Statutes § 53-295. He was arrested on a bench

---

\* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

warrant issued by the Superior Court in reliance on an affidavit of a state police officer stating various details of telephone conversations which the officer had overheard in accordance with an authorized wiretap. There can be no serious question as to the sufficiency of the facts stated in the affidavit to support a finding of probable cause.

## I

The defendant claims, however, that in an affidavit of another state police officer, submitted by the state's attorney in support of an application for extension of the wiretap which was denied, the affiant swore that "as of this date insufficient evidence has been obtained from the monitoring of the aforementioned telephone facilities to warrant the arrest and prosecution of . . . [the defendant] for conducting an illegal bookmaking operation." This affidavit appears to have been executed on the date of the application for extension. The state does not claim that any additional evidence against the defendant was obtained after the execution of this affidavit.

The defendant claims that the state is estopped from representing to the court in the bench warrant application that there was probable cause to arrest him on the charges made, because of the inconsistent position the state had taken by submitting the previous application for extension of the wiretap. The principle of judicial estoppel is claimed to bar the state in such a situation.

An essential ingredient of an estoppel is some action or detriment suffered by the party claiming the estoppel in reliance on the act or statement forming the basis for the estoppel. 28 Am. Jur. 2d, Estoppel and Waiver, § 28. It is generally held, therefore, that a judicial estoppel does not arise merely from taking an inconsistent position in a

proceeding but only when the inconsistency first asserted has been successfully maintained so that it appears unjust to the other party to allow a change. Id. § 70. The denial by the wiretap panel of the application for extension precludes any finding of detriment suffered by the defendant from assertion of the earlier inconsistent position by the state. Although judicial policy might dictate dispensing with the requirement of detriment or reliance on the part of the one claiming the benefit of an estoppel where inconsistent positions on a factual matter are taken by a party having actual knowledge of the facts, as in the case of inconsistent allegations in pleadings, no such policy considerations are involved here. *Hoard* v. *Sears, Roebuck & Co.*, 122 Conn. 185, 192. The assertion in the first affidavit that there was insufficient evidence to arrest the defendant is merely the expression of a legal conclusion. Assuming that the conclusion was that of the state's attorney as well as of the layman who signed the affidavit, no principle of public policy would prevent the state's attorney from changing his opinion about the sufficiency of the evidence at some later date. His opinion, one way or the other, carries no weight with the court, which must make its own determination.

## II

The defendant makes a further claim that the disclosure of the contents of the intercepted wire communications in the affidavit submitted in support of the bench warrant application was in violation of General Statutes § 54-41*l*, which provides: "The contents of any intercepted wire communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing or other proceeding in a court of this state unless each aggrieved person, not less than thirty days before such trial, hearing or proceeding, has

been served with a copy of the court order, and accompanying application, under which the interception was authorized." It is claimed that the issuance of a bench warrant is a "proceeding" within the meaning of § 54-41*l*. The state concedes that no copy of the application and order for the wiretap was served on the defendant until after issuance of the bench warrant, when a copy of those documents was sent to the defendant's attorney at his request. It is obvious that the affidavit supporting the bench warrant contained facts obtained by means of the wiretap.

A similar question was presented in *United States* v. *Lanza,* 341 F. Sup. 405, 420, where an almost identical provision of the federal wiretap statute (18 U.S.C. § 2518 [9] [1970]) was involved and the contents of the intercepted telephone calls had been revealed to a federal grand jury prior to compliance with the provision requiring a copy of the application and order for the wiretap to be furnished. After reviewing the legislative history of the statute, it was concluded that the word "proceeding" was limited to adversary-type hearings and did not include a grand jury hearing. The same view of the scope of the word "proceeding" was taken in *United States* v. *Friedland,* 444 F.2d 710, 712.

In *Gelbard* v. *United States,* 408 U.S. 41, relied on by the defendant, a different provision (18 U.S.C. § 2515) of the federal wiretap act was involved, which expressly provided that "no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, . . . if the disclosure of that information would be in violation of

this chapter." Since the case involved the right of witnesses before a grand jury to refuse to answer questions based on an alleged illegal electronic surveillance without being given an opportunity to challenge such illegality, the question of the scope of the word "proceeding" as used in the federal wiretap provision (18 U.S.C. § 2518 [9]) corresponding to General Statutes § 54-41*l* was not considered. It should be noted, however, that the four dissenting justices quoted with approval the legislative history which states that the word "proceeding" as used in that section was intended to include only adversary-type hearings, not including a grand jury hearing.

Although the issuance of a bench warrant pursuant to General Statutes § 54-43 may generally be termed a "proceeding," more precisely it is the initiation of a criminal proceeding against the defendant. It is inconceivable that the legislature intended, where sufficient evidence, including any conversations intercepted by a lawful wiretap, was available to justify an arrest, that the suspected criminal be given thirty days' notice before any arrest could be made. No constructive purpose would be served by giving any such notice in advance of the issuance of an arrest warrant, unless it be claimed that the warrant could not be issued without affording an opportunity for a hearing.

It also should be noted that General Statutes § 54-41*l* refers to the disclosure of evidence in a "proceeding in a court of this state." The bench warrant in this case does not appear to have been issued by the court but by a judge of the court. General Statutes § 54-43 authorizes a bench warrant to be issued by the Superior Court or by any judge thereof when the court is not in session. It does not appear, therefore, that there was any disclosure

"in a court of this state" of the contents of any wire communication when this bench warrant was issued.

It is concluded that there was no violation of § 54-41*l* by virtue of the fact that the affidavit affixed to the bench warrant application included facts derived from the wiretap.

## III

Another claim of the defendant is that the disclosure to the court of the information obtained from the wiretap as contained in the affidavit attached to the bench warrant application at the hearing of this motion to dismiss was also in violation of General Statutes § 54-41*l*, which requires a copy of the court order and application for the wiretap to be served on each aggrieved person. The record shows that a copy of these documents was sent to the attorney for the defendant after he requested them pursuant to General Statutes § 54-41k.[1] The delivery of these documents to the attorney for the defendant was equivalent to serving them on the defendant personally, at least where there is no question of the authority of the attorney to receive the documents. No such question has been raised here. There was a sufficient compliance with the service requirement of § 54-41*l*.

## IV

The defendant also claims that some other aggrieved persons besides himself failed to receive the notice of interception required by General Stat-

---

[1] "Sec. 54-41k. SERVICE OF NOTICE OF INTERCEPTION . . . . Within a reasonable time but not later than ninety days next succeeding the termination of the period of an order or extensions thereof, the issuing or denying panel shall cause to be served, on the persons named in the order or the application, . . . an inventory . . . . The panel shall make available to such person or his counsel for inspection the intercepted communications, applications and orders immediately upon the filing of a motion requesting such information. . . ."

utes § 54-41k as well as the copies of the documents required by § 54-41*l*. Evidence to establish a factual basis for this claim was offered through a witness, but his testimony was excluded.

The defendant cannot rely on possible violations of the statutory or constitutional rights of other persons as a ground for dismissing the charges against him. The leading case establishing this principle involved a wiretap situation similar to this case. *Alderman* v. *United States,* 394 U.S. 165, 171.

### V

Even if the defendant were correct in contending that there was a failure to comply with the provisions of General Statutes § 54-41*l*, it would not follow necessarily that this action should be dismissed. It has been held that, where the wiretap itself was lawful and carried out properly, the results are not to be vitiated by some subsequent violation of the provisions of the wiretap statute. *United States* v. *Iannelli,* 339 F. Sup. 171. "We find it difficult to accept the proposition that a search may be deemed reasonable, and therefore constitutional during the various stages of application for authorization, execution, supervision of the interception, and termination, only to be invalidated *ab initio* because of the operation of some condition subsequent, to-wit, a failure to give notice of the items seized." *United States* v. *Cafero,* 473 F.2d 489, 499.

Dismissal is not the only means available to enforce compliance with the various provisions of the act. General Statutes § 54-41m allows an aggrieved person to move to suppress any evidence obtained by means of an illegal wiretap. Section § 54-41r provides for a civil action against any person who intercepts or discloses a wire communica-

tion in violation of the statute. Apparently the legislature believed that these remedies were sufficient to protect against violations of the act without providing the more drastic remedy of dismissal.

The motion to dismiss is denied.