ISAAC E. SCHINE
vs.
CITY OF BRIDGEPORT, ET AL.

Superior Court  Fairfield County  File #47822

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Harry Silverstone,  Attorney for the Plaintiff.

Harry Schwartz,  Attorney for the Defendant.

MEMORANDUM FILED MAY 2, 1935.

BOOTH (JOHN RUFUS), J.  The plaintiff, as a taxpayer of the defendant-city, seeks to enjoin the defendants from carrying out a contract to furnish two hundred and fifty yards of curb concrete awarded by the defendant, the Board of Public Purchases of the City of Bridgeport, to Silliman & Godfrey Company on April 12th, 1935.

In making this award it is conceded that the Board of Public Purchases refused to consider a bid of the Bridgeport Concrete Company for the furnishing of the same material.

One of the claims of the plaintiff is that in thus refusing to consider this bid the Board of Public Purchases acted arbitrarily and that the award, as made, was, under the circumstances, illegal.  On the other hand, the claim of the defendants is that the action of the Board of Public Purchases, in refusing to consider the bid of the Bridgeport Concrete Company, was not arbitrary but was in accordance with the pro-

visions of an ordinance adopted and approved by the Common Council of the defendant-city on July 2nd, 1934, a copy of which was offered in evidence marked Defendant's Exhibit 1.

The claim of the plaintiff concerning this feature of the controversy is founded upon Section 96 of the ordinance of the City of Bridgeport, as amended, the relevant portions of which are, in substance, that all bids received for supplies to be furnished the city shall be publicly opened at a hearing of the board authorized to make a contract therefore and that the contract shall be awarded by such board to the lowest responsible bidder.

That the board authorized to make the contract under consideration did not publicly open the bid of the Bridgeport Concrete Company, as alleged, is admitted by the defendants. The reason for this failure to act in accordance with the above mentioned ordinance, as given by the defendants, rests upon the claim that, because two of the stockholders in the Bridgeport Concrete Company were admittedly members of the so-called Local Committee of the Federal Employment Relief Administration at the time the bid in question was made and received, a consideration of said bid would be in violation of the ordinance above referred to as Defendant's Exhibit 1.

This ordinance, in effect, prohibits any agency of the defendant-city from entering into any contract, directly or indirectly, with any other agency of the city, or with any employee or official of the city. The theory of the defendants concerning their position is based upon the assumption that the so-called Local Committee of the Federal Emergency Relief Administration is an agency of the defendant-city. This assumption, however, is found not to accord with the fact.

The members of this Committee are not appointed by, nor are they answerable to, any municipality but receive their appointment from and are solely responsible to the State Emergency Relief Commission, which Commission is, by Section 85-B of the Cumulative Supplement of the General Statutes, designated as an administrative agency of the State.

While it is undoubtedly true, as stated by some of the witnesses, that the Federal Emergency Relief Administration, the State Emergency Relief Commission and certain municipal officials cooperate in the furtherance of projects which furnish relief to the local unemployed, still the Local Committee

of the Federal Emergency Relief Administration is in no sense an agency of the municipality in which it operates, but is, rather, an agency of the State. Such being the case, the ordinance of the City of Bridgeport prohibiting one agency of the city from entering into any contract with any other agency of the city has no application to the situation and, consequently, there was no justification for the refusal of the local Board of Purchases to publicly open the bid of the Bridgeport Concrete Company for the reasons stated, but such bid should have been treated as all other bids submitted.

This conclusion, however, does not necessarily entitle the plaintiff to the relief sought. Before he would thus become entitled, it must appear that the action of the board in awarding the contract in question to Silliman & Godfrey Company is liable to result in some injury.

Section 96 of the ordinance before referred to provides as previously stated, that such contracts should be awarded to the "lowest responsible bidder". No evidence was offered concerning the amounts of the various bids offered and considered by the Board of Purchases and there is no basis for a comparison between the bids considered and the bid of the Bridgeport Concrete Company. For aught that appears, Silliman & Godfrey Company was the lowest responsible bidder. If such were the fact, neither the plaintiff nor any other taxpayer of the City of Bridgeport is in any danger of any loss whatsoever by reason of the award as made, and consequently, there would be no occasion for judicial intervention. In any event, the evidence fails to disclose the likelihood of any injury of the character justifying the extraordinary relief claimed.

"An injunction ought not to be granted except for the prevention of serious and irreparable injury, and cannot be demanded as a matter of right, but rests in the sound discretion of the court."

Hine vs. Stephens, 33 Conn. 497; Zazzaro vs. Colonial

Acceptance Corp., 117 Conn. 247, 251.

In view of the foregoing, the motion for a temporary injunction is hereby denied.