[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
CT Page 6020
On January 13, 1993, the plaintiff, Christopher Kyle, filed a one count complaint in the Judicial District of Middlesex seeking damages for injuries he sustained when he fell through the flooring of a building owned by the defendant, Connecticut Development Authority ("CDA"). On July 8, 1993, the court, Arena, J., granted the defendant's motion to strike the plaintiff's complaint.[1] On August 12, 1993, the defendant filed a motion for judgment pursuant to Practice Book § 157. On August 18, 1993, the plaintiff withdrew his action before judgment could enter. On December 21, 1993, the plaintiff refiled his complaint in the Judicial District of New London.
The complaint alleges the following facts. On December 18, 1991, the CDA hired James Coughlin (Not a party to this action) to remove material and debris from a factory building. The plaintiff was an employee of Coughlin. While the plaintiff was clearing debris from an elevated platform, he fell through the flooring of the structure and broke his leg.
The plaintiff alleges that the injuries he sustained were caused by the negligence and carelessness of the property owner. The plaintiff claims that the CDA knew or should have known that the structure was unsafe and failed to warn the plaintiff of the unsafe condition. On January 31, 1994, the defendant filed this motion to strike the plaintiff's complaint, together with a memorandum of law in support of its motion. The plaintiff filed a twenty-six page memorandum in opposition and the defendant responded with a Reply Brief thereafter. Both parties appeared by counsel in argument on the Motion before the court.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 369 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The court "must take the facts to be those alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency." Warnerv. Konover, 210 Conn. 150, 152, 553 A.2d 1138 (1989), quoting CT Page 6021Michaud v. Warwruck, 209 Conn. 52, 547 A.2d 6 (1988). The issue is not whether the plaintiff can prove his claims, but only whether he should have the opportunity to try. Doyle v.AP Realty Corp. , 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super. Ct. 1980).
The briefs of the parties are extensive and thorough.
The complaint presently before the court is virtually identical to the one filed by the plaintiff on January 13, 1993. "New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored . . . ." Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066
(1982), citing Wiggin v. Federal Stock and Grain Co., 77 Conn. 507,516, 59 A. 607 (1905). The plaintiff filed this complaint in a different judicial district after the court had granted the defendant's motion to strike. In essence, the plaintiff is asking the court for a ruling contrary to Judge Arena's July 8, 1993 decision. "Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge." Breen v. Phelps, supra, 100. Nevertheless, the court may consider the motion to strike on the merits and in this case the court will do so.
The defendant argues that the plaintiff could not maintain an action against his employer because that action would be barred by the exclusivity provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq. The defendant, therefore, argues that the plaintiff may not maintain a cause of action against the property owner for injuries suffered in the course of employment because the property owner should not be exposed to a greater liability for Coughlin's employees than Coughlin could be. Ray v.Schneider, 16 Conn. App. 660, 548, A.2d 461, cert. denied,209 Conn. 822, 551 A.2d 756 (1988).
The plaintiff, on the other hand, argues that he seeks recovery under a theory of premises liability, not vicarious liability. The plaintiff contends that Ray v. Schneider, supra, concerned only the vicarious liability of a principal employer for the injuries of an independent contractor's employee for the contractor's own negligence. The plaintiff argues that he seeks recovery from the defendant directly as a third-party tortfeasor for failing to maintain the property in a safe condition. CT Page 6022
 As a general rule, an employee's recovery is limited to workers' compensation. In this case, for example, if the plaintiff had been an employee of [the defendant], doing exactly the same work, he would have been prevented by our workers' compensation law from suing them in tort. Employees of an employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover damages in tort from an employer of an independent contractor — if such were the case, there would be an indefensible status distinction between employees of an independent contractor and employees working directly for the owner of the premises . . . " To the extent that work[er]s' compensation is the preferred remedy for occupational injuries, it does appear anomalous and fortuitous to allow an employee to recover in tort from a third-party owner when an accident arises out of and in the course of employment. In other words, a third-party owner should not be exposed to greater liability by employing an independent contractor."
Ray v. Schneider, supra, 16 Conn. App. 667-68, quoting Peonev. Regulus Stud Mills, Inc., 113 Idaho 374, 378, 744 P.2d 102
(1987). The Appellate Court's reasoning applies also to premises liability. An employee may not maintain a cause of action against a property owner for injuries suffered in the course of his employment and the defendant's motion to strike is, therefore, granted.