[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARYJUDGMENT
This is an action brought by the plaintiff Wayne E. Alletto, a civilian employee of the United States Navy, Supervisor of Ship Building (Supships), to recover for personal injuries allegedly sustained by the plaintiff while working at premises owned or controlled by the defendant General Dynamics Corporation Electric Boat Division. The defendant has filed a motion for summary judgment.
The plaintiff alleges in his amended complaint that on May 20, 1991, as part of his duties and as a business invitee of the defendant, he had to traverse a wet dock owned by the defendant, that he was caused to fall because of a dangerous and defective condition of the wet dock and thereby suffered personal injuries and that the defendant was negligent because it caused or allowed the dock to become dangerous and it failed to maintain, inspect and repair the defective wet dock.
The defendant moves for summary judgment on the following grounds: (1) that an employee of an independent contractor may not maintain a cause of action against a property owner for injuries sustained in the course of his employment; and (2) that workers' compensation in this case the Federal Employees Compensation Act 5 U.S.C. § 8116 et seq. (FECA), constitutes the exclusive remedy for the plaintiff because the defendant and the plaintiff's employer, Supships, are engaged in a joint venture.
In opposition to the defendant's motion, the plaintiff contends that the defendant, as the owner of the property upon which the plaintiff sustained his injuries, may be held liable pursuant to General Statutes § 31-293 and the FECA. The plaintiff argues that his employer, Supships, is not an independent contractor and that no joint venture exists between Supships and the defendant.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as CT Page 8050 to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. DanburyHospital, 232 Conn. 242, 250 (1995). The burden is on the movant to show that there is no genuine issue of material fact. Suarez v. Dickmont Plastics, Corp., 229 Conn. 99, 105, (1994).
The defendant argues that, because it is involved in a joint venture with Supships, it should be deemed a joint employer of the plaintiff for purposes of the FECA and the payment of workers' compensation benefits. See, e.g., 2A, Larson's Workmen's Compensation Law, § 72.15 (1985). If a joint venture exists between the defendant and plaintiff's employer, the plaintiff would not be able to maintain a separate tort action against the defendant.
"A joint venture is a special combination of two or more persons who combine their property, money, effects, skill, and knowledge to seek a profit jointly in a single business enterprise without any actual partnership or corporate designation." Electronics Associates v. Automatic EquipmentDevelopment Corp., 185 Conn. 31, 35 (1981). Whether a joint venture exists depends on the facts of each case. ElectricalContractors, Inc. v. Goldbert O'Brien Elec. Co.,331 N.E.2d 238, 241 (Ill.App. 1975). The court must also look to the intent of the parties. Electronics Associates v. AutomaticEquipment Development Corp., supra, 185 Conn. 35.
While the evidence submitted by the defendant demonstrates that some of the elements of a joint venture may exist in the present case, there are genuine issues of material fact with respect to the nature of the combined efforts of the defendant and Supships and whether a joint venture exists between Supships and the defendant. There is also a genuine issue of material fact as to the intent of the defendant and Supships in combining their efforts to manufacture submarines.
The defendant also argues that an employee of an independent contractor who is hired by a property owner cannot maintain a tort action against the property owner for injuries sustained in the course of his employment. In making this argument, the defendant relies on Ray v. Schneider,
CT Page 805116 Conn. App. 660, cert. denied, 209 Conn. 822 (1988), and Kyle v.Connecticut Development Authority, 11 CONN. L. RPTR. 606, 9 CSCR 698
(1994) (Leuba, J.).
In Ray v. Schneider, the landowner defendants hired an independent contractor to perform excavation work on their property. The plaintiff, an employee of the independent contractor, was injured when the wall of a trench in which he was working caved in on him. The issue before the trial court was whether the landowner could be vicariously liable to an employee of an independent contractor where the employee's injuries were caused by the negligence of the independent contractor.
The court held that vicarious liability does not extend to the employees of a independent contractor. In reaching this conclusion, the court reasoned that "the imposition of liability would subject the employer of an independent contractor to greater liability than he would have had if he had used his own employees on the job." Id., 668. The court also stated that "[e]mployees of an employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover damages in tort from an employer of an independent contractor." Id., 669.
In the present case, the evidence establishes that Supships' employees were stationed on the defendant's premises. However, there are no allegations or evidence in the present case that Supships is an independent contractor employed by the defendant or that Supship's negligence created the defective condition that allegedly existed on the defendant's wet dock. Also, based on a review of the plaintiff's complaint, it is clear that the plaintiff is not attempting to hold the defendant vicariously liable for the negligent acts of Supships. Thus, Ray v. Schneider is factually inapposite to the present case.
Furthermore, in Ray v. Schneider, the court noted that an exception to the rule of nonliability of property owners would lie "where the employer retains control of the premises or supervises the work of the contractor . . . or where the employer has a nondelegable duty to take safety precautions imposed by statute or regulation." Id., 664. CT Page 8052
In Kyle v. Connecticut Development Authority, the defendant property owner hired the plaintiff's employer, an independent contractor, to remove debris from the defendant's factory building. The plaintiff in Kyle was injured when he fell through the flooring on an elevated platform. In the present case, based on documentary evidence and affidavits submitted by the parties, it cannot be said that the defendant hired or employed Supships to perform work on its property or that Supships worked for the defendant as an independent contractor. Thus, Kyle is also factually inapposite to the present case.
As previously noted, in the present case, there is a genuine issue of material fact with respect to the relationship between the plaintiff's employer, Supships, and the defendant (i.e., whether Supships and the defendant are involved in a joint venture or whether Supships is an independent contractor). Also, a review of the affidavits and documentary evidence submitted by the parties indicates that genuine issues of material fact exist with respect to the following issues: (1) whether the defendant retained control of the defective wet dock; (2) whether the defendant had a duty to supervise the work of the Supships' employees were who working on its premises; and (3) whether the defendant has a nondelegable duty to implement and enforce any safety precautions imposed by statutes and regulations.
Accordingly, the defendant's motion, for summary judgment is denied on the basis that there are genuine issues of material fact which remain unresolved.