[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUMMARY JUDGMENT
In this case the defendant, Glastonbury Housing Authority, has filed a motion for summary judgment.
In his amended complaint the plaintiff claims to have suffered severe and permanent physical injuries when he fell through the floor of an attic owned by the defendant. The plaintiff claims the defendant was negligent in that it failed to properly train the plaintiff before he began work at the site, failed to warn him about the danger presented by the job site, failed to provide him with safety equipment or netting, failed to keep the area where the plaintiff worked in a safe condition or give warning as to the dangers it presented, and violated our, state's Occupational Safety and Health Act.
At the time of his injuries at the defendant's facility, the plaintiff was participating in a workfare program as provided for in § 17-281(a) of the General Statutes. He received benefits from the Town of Glastonbury and as a recipient of such assistance he was required to enter the workfare program. He was sent to work at the defendant's garage where he fell and was injured. CT Page 8003
The Town has intervened in this case for Workers' Compensation benefits paid to the plaintiff under a voluntary agreement prepared pursuant to § 17-281a(g) of the General Statutes.
The defendant Housing Authority relies on the case of Rayv. Schneider, 16 Conn. App. 660 (1988). It points to the fact that the plaintiff has the remedy of workers' compensation available to him and that the reasoning of Ray should apply to this case. Thus an action for negligence should be barred by a workfare participant against a landowner defendant that permitted the workfare participant to work on its premises. Various policy reasons and reasons of equity are cited for the proposition that an employee of an independent contractor like the plaintiff should not be permitted to sue the landowner defendant on whose property the plaintiff had worked and where he received his injures. The reasons given are (1) there would be an indefensible status distinction between employees of an independent contractor and employees working directly for the landowner and (2) a third party landowner who hires an independent contractor should not be exposed to greater liability by employing an independent contractor than it would be if it had used its own employees.
The defendant quotes Ray for the general proposition that "ordinarily an employer of an independent contractor absent an act of negligence on (its) own part, is not liable for the negligent acts of the contractor" 16 Conn. App. at 663. There are exceptions to this rule but the essence of Ray to the defendant is that the "employee of an independent contractor is not included within the class of third persons, such as innocent bystanders, to whom those exceptions apply and to whom the employer of the independent contractor may be held liable for its independent negligence," page 8 of defendant's brief.
I do not rely on two arguments made by the plaintiff to avoid the holding on Ray v. Schneider supra. Thus I do not accept the plaintiff's attempt to distinguish Ray by claiming that the employment status of the defendant, his relation as an employee of the town and the, relation between the Town and the Defendant Housing Authority raises some type of factual issue which would prevent the granting of summary judgment. The very point of Ray and the authority it relies on, see CT Page 8004 cases cited at pp. 665-66 and cases collected in 34 ALR 4th at pp. 934-48 indicate that Ray was decided not on the basis of technical relationships between the parties concerned but on broader policy grounds presented by the fact that an injury occurred, a worker was compensated through the Workers' Compensation Act for those injuries and thus he should not have a cause of action against the employer of the entity he worked for.
Also Ray certainly did hold that an employer of an independent contractor should not be held vicariously liable to the contractor's employees for an injury caused in the negligent performance of inherently dangerous work. But the plaintiff claims that he is not alleging vicarious liability here but premises liability or negligence on the part of the defendant. However, that is the same argument that was made by the plaintiff in Kyle v. Conn. Development Authority, 606,9 CSCR 698 (1994) and rejected by the court. The Kyle court rather than relying on any specific language in Ray v.Schneider, supra, did turn to the policy reasons which formed a basis for its ruling. The court noted that Ray held that to allow recovery to the plaintiff employee of an independent contractor against the employer of the contractor would create an "indefensible status distinction" between such employees and those of the owner of the premises. A third party owner of the premise should not be exposed to greater liability by hiring an independent contractor. Workers' Compensation is the preferred remedy for occupational injuries as such so it would seem "anomalous and fortuitous" to allow recovery by the plaintiff employee, who is covered by the act, against the third party owner of the premises. If the plaintiff had been an employee of the latter, he would have been prevented by the compensation act from suing the defendant. As the Kyle court noted, this reasoning applies whether premises liability or actual negligence is alleged against the owner or whether vicarious liability is alleged.
It must be noted that Ray v. Schneider is not as clear on this point. At page 672 it rejects the claim of the employee plaintiff against the third party owner based on the negligent hiring doctrine but said it did so "for the reasons we articulated with respect to the issue of vicarious liability," id. p. 672. As regards the factual setting of a case likeRay, the negligent hiring theory occupies a somewhat nebulous position in that the third party's negligence visa vis the CT Page 8005 actual incident is vicarious in the sense that the independent contractor is alleged to have been the party who actually acted negligently.
Also in the previously mentioned ALR article a case is cited, Halmick vs. B.C. Corporate Services, Inc.,832 S.W.2d 925, 928 (MO, 1992) which accepts the generally recognized rule set forth in Ray v. Schneider supra but does permit an action by the plaintiff employee against the third party owner of the land if the landowner maintained substantial control over the premises. Paragraph 2 of the complaint and the paragraph alleging negligence (par. 4) might be read together to allege sufficient control. It would be difficult to decide whether the control alleged would make this cause of action viable based on the record submitted to me. In any event, I have difficulty understanding why, given the reasoning of Rayv. Schneider, it would not apply in a case where independent negligence was being asserted against the third party landowner.
When all is said and done however, I do have a problem, with applying the result reached in Ray to the facts of this case. First, it is in fact a case where the claim against the defendant is not based on vicarious liability but on allegations of the defendant's own negligence. Thus the court's concerns in Ray with imposing liability vicariously on the employer of the independent contractor where Worker's Compensation is available do not apply. Also, the Ray court noted that in the ordinary business situation the independent contractor's cost for Worker's Compensation would be included in the contract price therefore the employer has already furnished money "to pay the premiums of the independent contractor for Worker's Compensation. To hold the employer of the contractor vicariously liable to the employee of the contractor would effectively make the employer pay twice for a contractor's employee work-related injury," 16 Conn. App. at page 668. The plaintiff here was a loan employee to the defendant designated by the Town to do the work because of his receipt of welfare benefits. Thus the just mentioned reasoning does not apply and it would be difficult for the third party landowner to cry foul based on this reasoning.
Because of these considerations, I do not believe any general policy behind the Worker's Compensation Act would be necessarily thwarted by allowing this plaintiff his cause of action. Also this is not a case where double recovery would CT Page 8006 occur. The Town would be reimbursed for any outlays under the Act.
As far as the "indefensible status distinction" between employees of the independent contractor and employees working for the owner of the premises directly, who would be worried about that — I do not think the workers are among themselves. Perhaps they would also understand for the reasons just stated that the third party landowner should not receive immunity from suit by an employee in the plaintiff's position.
The defendant also argues that if the plaintiff's action were allowed to proceed, landowners would be reluctant to support the workfare program set up by our statutes, § 17b-689
et seq. However, worthwhile as these programs may be (and it is not for the court to have an opinion on that, it is the law) it is also true that workers in these programs do not represent free labor entering the marketplace able to chose their employer and to some extent negotiate the terms of their employment. Thus some at least of the underpinnings on which the Worker's Compensation system is based do not exist so query how fair is it to require such workers to give up their common law right to sue.
Furthermore, these workers are assigned to the various towns which I am sure have a variety of tasks to which these workers could be assigned. This is not a situation where such workers ab initio are assigned to small employers who have little or no labor tasks of their own to accomplish. Section17b-689 or some variant thereof has been in our statutes since 1961. I am not aware of any flowering in the use of workfare employees by independent municipal agencies such as the defendant since Ray v. Schneider was decided. This subject might be an area for legislative intervention but I am reluctant to bar this plaintiff's cause of action for broad policy reasons that find no explicit support in the cases and are difficult for the court to evaluate.
The Motion for Summary Judgment is denied.
Corradino, J. CT Page 8007