[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 1, 1993, the plaintiff, George Withers, filed a one count revised complaint alleging a cause of action for negligence against the defendant, The United Illuminating Company. The following facts are contained in the revised complaint. CT Page 9319
The defendant owns, possesses, controls or occupies the land and buildings located at 43 East Main Street in Bridgeport, Connecticut. The perimeter of the area was surrounded by a fence and an electronic movement detection device. According to the plaintiff, there was a break in the fence in the northwestern corner of the property that allowed trespassers to enter onto the premises.
Prior to June 20, 1992, the defendant contracted with the Ness Corporation to provide a security guard for the premises during the hours of midnight to 8:00 a.m. On June 20, the plaintiff was on the premises as a security guard and employee of the Ness Corporation. While performing his security guard duties, the plaintiff was notified of a possible unlawful entry onto the premises. The plaintiff went over to the area of the broken fence to investigate the situation and was attacked by two persons causing the plaintiff to receive various personal injuries. According to the plaintiff, his injuries were caused by the defendant's negligence in failing to repair the broken fence which allowed the two attackers to unlawfully enter the property.
On June 18, 1996, the defendant filed a motion for summary judgment.[1] According to the defendant, since the plaintiff was injured during the course of his employment, the plaintiff is only entitled to workers' compensation benefits. The defendant argues that if it employed one of its own employees as a security guard it would only be liable for workers' compensation. Therefore, the defendant contends that it should not be exposed to greater liability because an employee of an independent contractor hired by the defendant was injured during the course of his employment. Thus, the defendant requests that the court grant its motion for summary judgment.[2]
On August 22, 1996, the plaintiff filed an objection to the defendant's motion for summary judgment. In support of his objection, the plaintiff filed a supporting memorandum of law and an unsigned copy of the plaintiff's affidavit.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "The party seeking summary judgment has the burden of showing the CT Page 9320 absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).
The defendant argues that the plaintiff's right of recovery is limited to workers compensation benefits. In support of this argument, the defendant relies on Ray v. Schneider, 16 Conn. App. 660,548 A.2d 461, cert. denied, 209 Conn. 822, 551 A.2d 756
(1988).
In Ray v. Schneider, the defendants, Schneider and Welsh, had hired the other defendant, an independent contractor, to excavate a trench and install various utility lines for several buildings being added to an existing shopping center. Id., 662. Schneider and Welsh possessed "proprietary interests in the shopping center either as owners, lessees or developers." Id. The plaintiff was an employee of the independent contractor and was working in a trench when the sides caved in on him causing him to receive severe bodily injuries. Id.
The plaintiff alleged that his injuries resulted from his employer's incompetence in excavating the trench, and he sought to hold Schneider and Welsh vicariously liable. Id., 663. The court stated that in limited situations an employer of an independent contractor may be held vicariously liable for the independent contractor's negligence. Id., 664. For example, an employer of an independent contractor may be held liable "where the work to be performed by the contractor is inherently dangerous. . . ." Id. According to the court, these limited situations "apply to allow third persons, such as innocent bystanders, to maintain a negligence action against the employer. The more difficult question, however, is whether the employees of the independent contractor also fall within those class of persons protected by the exceptions to the nonliability rule." Id., 664-65.
In analyzing the issue, the court stated that vicarious liability is intended to protect innocent bystanders "who have no direct involvement with the hazardous activity, are only incidentally exposed to its risks and have no direct means of insuring themselves against the loss." (Internal quotation marks omitted.) Id., 667. "Employees of an independent contractor stand on a different footing with respect to such injury than does the CT Page 9321 general public. An employee of an independent contractor who performs inherently dangerous work has specifically contracted to perform such work knowing the risks involved and receives generally higher compensation because of such risks." Id. "Furthermore, employees injured on the job, in contrast to . . . other members of the general public[,] . . . receive recovery as a matter of due course under a statutory/administrative scheme. Hence, the concern underlying the vicarious liability doctrine, namely, that an individual who is injured by the negligence of an independent contractor performing inherently dangerous work might not receive just compensation for his injury, is not applicable when the injured person is the employee of the independent contractor." Id., 668.
The court also indicated that "[w]ith relatively few exceptions, an employee's recovery for work-related injuries is governed by our comprehensive statutory workers' compensation scheme. The insurance from which compensation for an injury is to be paid is carried by the contractor. It is expected that the cost of workers' compensation insurance will be included by the contractor in his contract price for undertaking to perform the inherently dangerous work and, therefore, will ultimately be financed by the employer who hires the independent contractor." Id., 668. "To hold the employer of the contractor liable vicariously to the employee of the contractor would effectively make the employer pay twice for a contractor's employee's work related injury." Id. Accordingly, the court held "that an employer of an independent contractor may not be vicariously liable to the contractor's employees for an injury caused in the performance of inherently dangerous work on account of the contractor's failure to take the necessary safety precautions, or because the employer had a nondelegable duty to provide a safe work place." Id., 670.
The plaintiff had also brought an action for direct liability against the employer the independent contractor under the negligent hiring doctrine. Id., 671. The court held, however, that the plaintiff could not hold the contractor directly liable for the reasons set forth by the court in denying recovery under a theory of vicarious liability. Id.
Additionally, in Kyle v. Connecticut Development Authority, Superior Court, judicial district of New London, Docket No. 529266 (June 7, 1994, Leuba, J., 9 CSCR 698, 699), the court held that an independent contractor's employee cannot hold the CT Page 9322 employer of that contractor directly liable under a theory of premises liability. The court, quoting Ray v. Schneider, stated, "`[a]s a general rule, an employee's recovery is limited to workers' compensation. In this case, for example, if the plaintiff had been an employee of [the defendant], doing exactly the same work, he would have been prevented by our workers' compensation law from suing them in tort. Employees of an employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover damages in tort from an employer of an independent contractor — if such were the case, there would be an indefensible status distinction between employees of an independent contractor and employees working directly for the owner of the premises. . . . To the extent that [workers'] compensation is the preferred remedy for occupational injuries, it does appear anomalous and fortuitous to allow an employee to recover in tort from a third-party owner when an accident arises out of and in the course of employment. In other words, a third-party owner should not be exposed to greater liability by employing an independent contractor."' (Internal quotation marks omitted). Id., quoting Ray v. Schneider, supra, 16 Conn. App. 668-69. The court concluded that "[t]he Appellate Court's reasoning applies also to premises liability." Kyle v.Connecticut Development Authority, Superior Court, judicial district of New London, Docket No. 529266 (June 7, 1994, Leuba, J., 9 CSCR 698, 698-99).
In this case, the plaintiff, an employee of an independent contractor, brings an action for negligence against the defendant, the employer of the independent contractor. According to Ray v. Schneider and Kyle v. Connecticut Development Authority, the plaintiff-employee may not sue the employer of the independent contractor for direct liability. Since the plaintiff seeks recovery for injuries received during the course of his employment from the defendant, who is the employer of the independent contractor, the plaintiff is limited to recovery under workers' compensation law. Accordingly, the defendant's motion for summary judgment is granted.
Zoarski Judge Trial Referee