[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#109)
The defendants moved for summary judgment on the grounds that (1) the plaintiff, an employee of an independent contractor engaged by the defendants, is barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-275
et seq. from recovering for personal injuries sustained during the course of his employment; and (2) the plaintiff may not maintain a cause of action for injuries resulting from risks inherent to his employment as a security guard. For the reasons stated below the motion is denied on both grounds.
I. FACTUAL AND PROCEDURAL BACKGROUND
On January 17, 1995, the plaintiff, Brian Geherty, filed a one count complaint against the defendants, Connecticut Yankee Atomic Power Co. and Northeast Utilities. The plaintiff brought this action to recover for personal injuries allegedly suffered while employed by Burns International Security Co., (Burns), which was engaged by the defendants to provide security services at their nuclear power plant. The plaintiff alleges that he was a security guard employed by Burns and that he was assigned to work at the defendants' power plant. The plaintiff further alleges that on February 25, 1993, he was ordered by a representative of the defendants to perform a test of a security intrusion CT Page 5196 detection system as required by his duties, although the defendants knew or should have known of the danger of performing the test under the icy and slippery and hazardous conditions then existing. Because of the dangerous conditions existing on the test site, the plaintiff fell and sustained serious personal injuries. The plaintiff further alleges that the defendants were negligent because they required the plaintiff to perform the security intrusion detection test under dangerous conditions and because they failed to exercise reasonable judgment in ordering the test to go forward given the slippery and extremely hazardous conditions at the test site.
The defendants filed a motion for summary judgment supported by a memorandum of law and by affidavits. The plaintiff filed a memorandum in opposition to the motion for summary judgment supported by affidavits and excerpts from transcripts of deposition testimony.[1] Each side filed supplemental briefs in support of their respective positions.
II. STANDARD FOR SUMMARY JUDGMENT
"Practice Book § 17-49, (formerly § 384), provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id.
III. DISCUSSION
In the present case, the defendants argue that they are CT Page 5197 entitled to judgment as a matter of law on two grounds. First, relying on Ray v. Schneider, 16 Conn. App. 660, 548 A.2d 461, cert. denied, 209 Conn. 822, 551 A.2d 756 (1988), the defendants argue that under Connecticut law, an employee of an independent contractor is precluded from recovering from the contractor's employer regardless of whether the employee's cause of action is based on a theory of vicarious liability or direct liability. They argue that the Ray decision was based in part on the exclusivity provision of the Workers' Compensation Act, which limits an employee's recovery to workers' compensation, and that an employee of an independent contractor who received workers' compensation benefits should not be able to maintain claims against the party that employs his employer. They also argue that according to Ray, because they paid for the cost of the plaintiff's workers' compensation coverage through their contract with Burns, they face the risk of having to compensate the plaintiff twice for the same injury.
Second, the defendants argue that in accepting a job as an armed security guard the plaintiff accepted certain risks that he would be injured in the discharge of his responsibilities in that capacity.[2] Therefore, the defendants argue, because the plaintiff was hired to confront or remedy dangerous situations, he should not be allowed to bring an action for harm that resulted from the very risks inherent in the duties he was hired to perform.
The plaintiff counters that the defendants' motion for summary judgment should be denied on the following grounds: (1) the motion is not timely;[3] (2) the defendants did not provide workers' compensation to the plaintiff, or pay for the cost thereof, consequently, they are not immune from liability pursuant to General Statutes § 31-291; (3) the rule that the employee of a general contractor cannot bring suit against the general contractor's employer applies only if the employee brings an action under a theory of vicarious liability and, therefore, is not applicable in the present case; (4) the plaintiff cannot be barred from bringing an action for injuries incurred in the performance of his responsibilities because the `firefighter's rule' only applies to firefighters and police officers, not private security guards; and (5) summary judgment is inappropriate in the present case because questions of material fact exist as to whether the defendants paid the cost of the plaintiff's workers' compensation benefits, whether the defendants have authority to direct the work of Burns' employees and whether, notwithstanding federal regulations mandating the CT Page 5198 security test at issue, the defendants were negligent in ordering the test to proceed under the dangerous conditions then existing.
A. The Exclusivity Provision of the Workers' Compensation Act
"Connecticut first adopted a statutory scheme of workers' compensation in 1913. The purpose of the Workers' Compensation Act [act]; General Statutes § 31-275 et seq.; is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. . . . Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without having to prove liability." (Citations omitted: internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co. 242 Conn. 375,381, 698 A.2d 859 (1997). See also Crochiere v. Board ofEducation, 227 Conn. 333, 349, 630 A.2d 1027 (1993); Sgueglia v.Milne Construction Co., 212 Conn. 427, 432, 562 A.2d 505 (1989);Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 666,613 A.2d 838 (1992); Pagani v. BT II. Limited Partnership,24 Conn. App. 739, 743, 592 A.2d 397, cert. denied, 220 Conn. 902,593 A.2d 968 (1991) (holding that "[o]ur scheme of workers' compensation creates an exclusive remedy for job related injuries").
The statutory scheme of the Workers' Compensation Act, however, ordinarily applies only to those who are in the employer-employee relationship. Vanzant v. Hall, 219 Conn. 674,678, 594 A.2d 967 (1991). An employee' is defined as "any person who has entered into or works under any contract of service or apprenticeship with an employer." General Statutes § 31-275(a). "Because only employees are entitled to compensation under the act, it is clear that coverage must arise from a contract of employment, either express or implied. ." (Citations omitted.) Blancatov. Feldspar Corporation, 203 Conn. 34, 38. 522 A.2d 1235 (1987).
In the present case, the plaintiff alleges that he was a security guard employed by Burns and that as an employee of Burns, he was assigned to work at the defendants' power plant. Although the defendants do not contradict the fact that the plaintiff was employed by Burns, and not by the defendants, they nevertheless argue that the plaintiff is precluded from bringing this action against them because they were the principal employer. The defendants rely on the case of Ray v. Schneider,supra, 16 Conn. App. 660, to support their position. CT Page 5199
In Ray v. Schneider, supra, the plaintiff, an employee of an independent contractor, brought an action against the principal employer after he was injured when the wall of a trench he was excavating caved in on him and inflicted severe bodily injuries. The plaintiff sought to hold the principal employer vicariously liable for the alleged negligence of the independent contractor because the work performed was inherently dangerous. The plaintiff also sought to hold the employer liable for its alleged negligence in hiring the contractor. The Appellate Court rejected both of the plaintiff's claims.
The court first explained that" [o]rdinarily an employer of an independent contractor, absent an act of negligence on his own part, is not liable to others for the negligent acts of the contractor. . . . There are, however, several exceptions to the nonliability rule. For example,. . . where the work to be performed by the contractor is inherently dangerous. . . ." (Citations omitted.) Ray v. Schneider, supra.16 Conn. App. 663-64. The court further explained that these exceptions undoubtedly apply to allow third persons to maintain negligence actions against the employer. The issue before the Appellate Court, however, was whether an employee of an independent contractor also falls within the class of persons protected by the exception.
The Appellate Court acknowledged that "the imposition of vicarious liability on the employer of an independent contractor when the contractor is negligent in performing inherently dangerous work resulting in harm to a member of the general public is grounded in a recognition that the possibility of harm to others is so great when the work activity is inherently dangerous that the law tolerates it only on terms insuring the public against injury." (Internal quotation marks omitted.) Rayv. Schneider, supra, 16 Conn. App. 667. "Employees of an independent contractor stand on a different footing with respect to such injury than does the general public." Id.
In declining to allow an employee of an independent contractor to hold an employer vicariously liable for the negligence of the contractor the court reasoned that an employee's recovery for work related injuries is governed by our statutory workers' compensation scheme and therefore, "the imposition of liability would subject the employer of an independent contractor to greater liability than he would have had if he had used his own employees on the job." Ray v.CT Page 5200Schneider, supra. 16 Conn. App. 668. The court also reasoned that members of the general public "are only incidentally exposed to [the] risks [of the dangerous activity] and have no direct means of insuring themselves against the loss." whereas an employee of an independent contractor "has specifically contracted to perform such work knowing the risks involved and receives generally higher compensation because of such risks." Id., 667.
The defendants rely on the above quoted language from Ray v.Schneider, supra, 16 Conn. App. 660, and several Superior Court cases in support of their argument that an employee of an independent contractor is precluded from holding the principal employer directly liable for the principal employer's alleged negligence. See Withers v. United Illuminating Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 342465 (November 6, 1996, Zoarski, J.) (holding that "the plaintiff-employee may not sue the employer of the independent contractor for direct liability"); Kyle v. ConnecticutDevelopment Authority, Superior Court, judicial district of New London at New London. Docket No. 529266, 11 CONN. L.RPTR. 606
(June 1994) (Leuba, J.) (holding that the Appellate Court's reasoning in Ray v. Schneider, supra, 16 Conn. App. 667-68, applies also to premises liability and therefore, "[a]n employee may not maintain a cause of action against a property owner for injuries suffered in the course of his employment"); Kyle v.Connecticut Development Authority, Superior Court, judicial district of Middlesex, Docket No. 68103 (July 8, 1993) (Arena, J.) (same). But see Blum v. Glastonbury Housing Authority,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518876 (July 18, 1995) (Corradino. J.) (14 Conn. L. Rptr. 465) (distinguishing Ray
because the plaintiff brought an action for direct negligence and therefore, holding that "the court's concerns in Ray with imposing liability vicariously on the employer of the independent contractor where Workers' Compensation is available did not apply"), see also Crespo v. Bakers Choice, Superior Court, judicial district of Waterbury, Docket No. 138316 (May 30, 1997) (Leheny, J.) (adopting the reasoning of Judge Corradino in Blum).
The reasoning of Blum and Crespo clearly distinguishes the vicarious liability at issue in Ray v. Scnneider,supra, 16 Conn. App. 660, from factual scenarios which are closer to the present case. The fact that the plaintiff in Ray sought to hold the principal employer vicariously liable for his own employer's negligence was central to the court's decision to deny recovery. The policy reasons underlying the imposition of vicarious CT Page 5201 liability when a member of the general public is injured by a negligent independent contractor performing inherently dangerous work did not support an extension of that rule to allow recovery by an employee of such a contractor.
In the present case, the plaintiff alleges that the defendants were directly and actively negligent in causing the plaintiff's injuries. The court in Ray specifically stated that ordinarily, employers of independent contractors are not liable to others for the negligence of the contractors provided that the employers are not negligent themselves. Ray v. Schneider, supra,16 Conn. App. 663. The court made it clear, therefore, that under Connecticut law employers are not immune from liability for injuries arising out of their own negligence.
In addition to holding that an employee of an independent contractor cannot recover from the contractor's employer under a theory of vicarious liability, the court in Ray, without additional analysis, also held that "[f]or the reasons we articulated with respect to the issue of vicarious liability which are applicable to the issue of direct liability here, we conclude that the liability of the employer for physical harm to third persons' under the negligent hiring doctrine does not apply where injuries are sustained by an employee of the contractor as opposed to the general public." (Emphasis added.) Ray v.Schneider, supra, 16 Conn. App. 672. The cases cited by the defendants rely on the above quoted language from Ray in holding that the Ray decision also precludes an action for direct liability. See Withers v. United Illuminating Co., supra. Superior Court, Docket No. 342465; Kyle v. ConnecticutDevelopment Authority, supra, Superior Court, Docket No. 529266.
The plaintiff in Ray, however, brought an action against the principal employer for its alleged negligence in hiring the independent contractor (his own employer). The issue before the court was "whether the Restatement's provision that the employer may be liable to third persons' for the failure to use reasonable care in hiring a contractor contemplates the inclusion of the contractor's employees within the class of persons to be protected." Ray v. Schneider, supra, 16 Conn. App. 672.[4] In contrast, the present case involves the issue of whether an employee of an independent contractor can recover from a principal employer for the principal employer's own negligence. Thus, this case does not concern the issue of whether the defendants owed the plaintiff a duty of reasonable care in hiring CT Page 5202 the independent contractor and, therefore, Ray is distinguishable and inapposite.
Moreover, in reaching its decision, the court in Ray relied heavily on the fact that the injured employee was guaranteed compensation for his injuries under the Workers' Compensation Act. The court stated that "[h]ence, the concern underlying the vicarious hability doctrine, namely that an individual who is injured by the negligence of an independent contractor. . . might not receive just compensation for his injury, is not applicable when the injured person is the employee of the independent contractor." Ray v. Schneider, supra.16 Conn. App. 668. The court also explained that "[i]t is to be expected that the cost of workers' compensation insurance will be included by the contractor in his contract price. . . and, therefore, will ultimately be financed by the employer who hires the independent contractor. . . . To hold the employer of the contractor liable vicariously to the employee of the contractor would effectively make the employer pay twice for a contractor's employee's work-related injury." Id.
I conclude that the policy reasons underlying the decision inRay simply do not apply to the present case. The Ray
court's analysis of the economics of workers' compensation insurance applies only when the employee's injuries are the result of conduct by the contractor, and the principal employer's liability derives from its relationship to the contractor, either vicariously or on a theory of negligence in hiring. When the employee sustains injuries as a direct result of the principal employer's conduct, those economics are of no significance. Moreover, the legislature has already addressed the scenario where the principal employer provides workers' compensation insurance benefits for employees of a contractor.
Pursuant to General Statutes § 31-293[5] and §31-291,[6] "the employee of an independent contractor has a right to bring an action in tort against any third party, other than their direct employer, and the principal employer is only immune from suit if, as General Statutes § 31-291 provides, the principal employer has in fact paid benefits to that employee under the Workers' Compensation Act for the injuries suffered.Quire v. Stamford, 231 Conn. [370], 375-76, [650 A.2d 535
(1994).]" Gionet v. General Dynamics Corp., Superior Court, judicial district of New London at New London, Docket No. 533138 (July 24, 1996)(Hurley, J.). In that case, the court addressed CT Page 5203 the issue of whether the exclusivity provision of the Workers' Compensation Act barred an employee of an independent contractor who was injured on the property of the principal employer from bringing suit against the principal employer. The court distinguished Ray on the ground that the plaintiff was not seeking to hold the principal employer vicariously liable for the independent contractor's negligence, but that she sought to hold the principal employer directly liable for its own negligence. The court also held that "if this court were to follow the reasoning of Ray and Kyle [v. Connecticut DevelopmentAuthority, Supra, Superior Court, Docket No. 529266,11 CONN. L. RPTR. 606] to prohibit the plaintiff from bringing the present action it would be creating a common law exception to the provisions of the Workers' Compensation Act. Such exception may not be created by this court." Gionet v. General Dynamics Corp, Supra,
Superior Court, Docket No. 533138.
Therefore, in the present case, the plaintiff would be precluded from bringing suit under § 31-291 only if the defendants in fact paid the premiums on the workers' compensation insurance policy under which the plaintiff was covered or paid such benefits to the plaintiff directly or on his behalf. On this record. I find that the defendants have failed to substantiate their claim that they paid such premiums, or, workers' compensation benefits, either directly or through their carrier.
The defendants submitted an affidavit attesting that the cost of maintaining workers' compensation insurance by Burns is factored into the contract price charged by Burns to the defendants for its services. (Defendants' Exhibit B, p. 4.) No documentation or affidavits are submitted, however, showing that the defendants were primarily responsible for providing workers' compensation insurance to the plaintiff, or that they paid a separate fee to cover Burns' expenses for such insurance, or that they or their insurance carrier paid such workers' compensation benefits to the plaintiff. A copy of the contract itself is not even provided in the defendant's evidence. The plaintiff, on the other hand, submitted affidavits stating that the workers' compensation insurance under which he received benefits was provided by Burns. Genuine issues of material fact exists as to the source of the workers' compensation insurance under which the plaintiff received benefits and therefore summary judgment is inappropriate.
Even if I were to find it undisputed that the defendants paid CT Page 5204 such benefits to or on behalf of the plaintiff, questions of fact nevertheless exist as to whether the plaintiff is precluded from bringing an action pursuant to General Statutes § 31-291. The provisions of General Statutes § 31-291 apply to bar a claim by an employee of a contractor against the principal employer of such contractor only if the work performed by the contractor is a "part or process in the trade or business" of the principal employer. The work is considered to be a part or process in the trade or business of the principal employer' if "the work is of such character that it ordinarily or appropriately would be performed by the original employer's own employees in the prosecution of its business, or as an essential part in the maintenance thereof. . . ." Zimmerman v. MacDermid. Inc.,130 Conn. 385, 388, 34 A.2d 698 (1943). In the present case it is undisputed that the defendants' business is to produce electric energy, and not to provide security services. Consequently, from this record, it cannot be said that the work performed by the plaintiff as of such a character that it could be performed by the defendant's own employees in furtherance of or as an essential part of the defendants' business. At the very least, the issue of whether the work performed by the plaintiff is a part or process of the defendants' trade or business is a question of fact, which precludes summary judgment. Alpha CraneServices. Inc. v. Capitol Crane Co., 6 Conn. App. 60, 72,504 A.2d 1376. cert. denied, 199 Conn. 807, 508 A.2d 769 (1989).
Therefore, the defendants' claim that the plaintiff's cause of action is barred by the exclusivity provision of the Workers' Compensation Act § 31-275, et seq., fails.
B. The Fireman's Rule and Assumption of the Risk
The defendants assert that a person engaged to confront dangerous situations cannot recover for harm resulting from risks inherent in the very purpose of the job. They argue that the plaintiff should not be allowed to maintain an action against them because by accepting employment as a security guard he assumed the risk that he would be injured while performing the duties required by his job. The defendants further argue that the circumstances of the present case are similar to circumstances in which Connecticut courts have declined to impose liability in actions brought by firefighters and police officers to recover for injuries suffered while in the course of their duties.
The `firefighter's rule' was established in Connecticut in CT Page 5205Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959), in which the court barred a firefighter injured in a fall on an icy sidewalk during the performance of his duties from recovering from the owner of the sidewalk. The rule was later extended to include police officers. Furstein v. Hill, 218 Conn. 610, 616,590 A.2d 439 (1991). No Connecticut court, however, has extended the rule to a situation such as the present in which the injured plaintiff is a private security guard. "The most compelling argument for the continuing validity, of the rule is the recognition that firefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances. Kreski v. ModernWholesale Electric Supply Co., [429 Mich. 347, 368, 415 N.W.2d 178
(1987)]; Nared v. School District of Omaha, 191 Neb. 376. 379-80,215 N.W.2d 115 (1974); 2 Restatement (Second), Torts (1965) § 345(1), comment (c), p. 228. Such public officers enter the land regardless of the owner's consent; indeed, if the conditions for the exercise of their public duty exist, the owner would not be privileged to exclude them. Shypulski v. Waldorf Paper ProductsCo., 232 Minn. 394 396, 45 N.W.2d 549 (1951); Scheurer v.Trustees of the Open Bible Church, 175 Ohio St. 163, 168,192 N.E.2d 38 (1963); 5 F. Harper. F. James O. Gray, The Law of Torts (2d Ed. 1986) 27.14. p. 260." Furstein v. Hill, supra,218 Conn. 616-17. Moreover, such public officers occupy a status "akin to that of a licensee, to whom the owners of such premises owed no greater duty than that of a licensee." (Internal quotation marks omitted.) Roberts v. Rosenblatt, supra.146 Conn. 113. A private security guard however, has prescribed responsibilities to be upon the defendants' premises at reasonably foreseeable (and perhaps scheduled) times and specific locations. Thus, such a private security guard occupies a far different status than that of a public officer with respect to an owner of land and/or principal employer. I therefore conclude that the plaintiff's action is not precluded by the firefighter's rule.[7]
The defendants argue that they are not seeking to extend the firefighter's rule, but to apply the principle of law underlying that rule: that the plaintiff has assumed the risk for injuries resulting from dangers inherent in his normal duties. The defense of assumption of risk, however, has been statutorily abolished in this state for all negligence cases. General Statutes §52-572h(l).[8] Accordingly, the defendants' claim that the plaintiff assumed the risks of his job also fails and they are not entitled to judgment as a matter of law. CT Page 5206
CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment is denied.
Teller. J.